**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**DIVISION OF TRENTON**

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ
2019 NOV -4  P 4: 37

BY:_____

---

REZA FARZAN

        **Plaintiff-Debtor,**

        **v.**

BAYVIEW LOAN SERVICING LLC ET AL

        **Defendants**

Docket #: 19-29256-CMG

Chapter 13

Adversary Proceeding #1

19-2228- CMG

---

# **COMPLAINT**

1. Pro Se Plaintiff-Debtor Reza Farzan files this Complaint pursuant to FRBP 7001 and other applicable rules and alleges the following in support of the requested relief

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157 [insert sub-section provisions].

4. Plaintiff has standing to bring this action

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Rules of US Bankruptcy Court for the District of NJ.

6. Plaintiff has filled out the coversheet form which included the names of defendants and their attorneys if known.

7. Amongst other requests I have requested a jury trial for this complaint.

## **STATEMENT OF FACTS**

8. I am the Pro Se Plaintiff-Debtor, I am 69 years old with a few sever medical conditions and I belong to several US and NJ protected classes. I have no training in law and English is not my native language.

9. American Mortgage Network Inc. (AMN) originated my loan and mortgage on 2/14/2005.

10. A few weeks later, AMN allegedly sold the note to Morgan Stanley.

11. AMN sold the servicing rights to Option One Mortgage Corporation.

12. AMN allegedly went out of business by 12/31/2005.

13. On 2/27/2009, In Franklin County OH, Beth Cottrell from Mortgage Electronic Registration Systems Inc. (MERS) as nominee of AMN sold the note and servicing right to Stacy E. Spohn from Chase Bank (Chase).

14. MERS and Chase fabricated a mortgage assignment out of that alleged transaction on 2/27/2009 and recorded that in

2

Monmouth County Hall of Records, in Freehold NJ, on 3/16/2009.

15. In early March of 2017 MERS provided a Milestone Report about my note and mortgage which stated that the note was allegedly in possession of Freddie Mac.

16. Senator Cory Booker on 11/14/2018 wrote me a letter that Freddie Mac owned my mortgage.

17. Both Cottrell and Spohn are nationally known robo-signers.

18. MERS has not been licensed to be a mortgage lender or servicer by NJ Department Of Banking and Insurance.

19. So MERS corrupted the title of my mortgage and tampered with public record. Both Chase and MERS were notified by me about the false assignment of 2/27/2009. They both ignored my warnings.

20. On 2/12/2014, in Ouachita Parish LA, Sheena McWilliams from Chase fabricated the Affidavit of Lost Note. Chase never had the note and never lost it. Chase was notified by me about this affidavit, they ignored it.

21. On 2/28/2014, in Ouachita Parish LA, Adriane C. Matthews from Chase sold the lost note and its servicing rights to Bayview Loan Servicing LLC (Bayview).

22. Chase and Bayview fabricated an assignment out of that transaction and recorded it in Monmouth County Hall of Records, in Freehold, on 6/23/2014. Chase tampered with

3

public records and corrupted the title of my mortgage.

23.   Chase and Bayview were notified by me about the assignment of 2/28/2014. They both ignored it.

24.  In early January of 2016 Bayview fabricated an online mortgage modification document ("HMA Agreement") signed and notarized by different parties and different actors.

25.  Samantha Dickie in her notarization statement stated that she knew me and I appeared before her and signed the "HMA Agreement". I never knew Samantha Dickie and never met her and never appeared before her to sign any document.

26. The "HMA Agreement" is fabricated online and it does not have a wet ink original document and it does not have a hard copy.

27. On 2/1/2016 on behalf of Title365, SIMPLIFILE LLC recorded the "HMA Agreement", online or via email, in Monmouth County Hall of Records.

28. On 5/12/2016 Attorney Lynn Nolan, from the law firm of Schiller, Knapp, Lefkpwitz & Hertzel, on behalf of Bayview based on the assignments of 2/27/2009 and 2/28/2014 and "HMA Agreement" filed a foreclosure Complaint against my only residential house in Monmouth County NJ.

29. On 5/16/2016 Bayview records a Notice of Pendency against my property in Monmouth County Hall of Records.

30. In the foreclosure complaint filed on 5/12/2016 against my

4

property, attorney Lynn Nolan on behalf of Bayview stated that Bayview was both owner and servicer of the mortgage of my property. But Bayview lost the mortgage note. The chain of assignments was not consistence with the documents on my records.

31. On or about 12/30/2016, during the aborted discovery period in the state foreclosure court, attorney Michael Blaine for Bayview, submitted the 2 fraudulent assignments a new document into the case. It was affidavit of lost note dated 2/12/2014 fabricated by Chase. Chase pleaded that it had the note in its possession and it lost it, but never proved that the note was in its possession and when and how they got it. Chase attached an alleged copy of the note to their affidavit which was not notarized, was not certified, and was not an authentic copy of the note and there was no indorsement or endorsement from AMN to any entity.

32. At this point Bayview changes its pleading on the ownership of the note and who lost it. In the foreclosure complaint Bayview, on 5/12/2016, pleaded that owned the note and it was the servicer of the mortgage as well; but it lost the note. After introducing affidavit of lost note, fabricated by Chase, Bayview pleaded that it owned the note and it was the servicer of the mortgage but Chase lost the note and implied that it bought the lost note from Chase which is illegal. A

5

lost note is not a negotiable instrument anymore.

33. Based on Bayview's new pleading, Bayview never had the note and based on N.J.S.A 12A:3-309 it never had the legal standing to file for foreclosure.

34. On 1/14/2017 Jessica Fernandez, an employee of Bayview made the Certification of Banker Office, in which referred to the Assignments of 2/27/2009 and 2/28/2014 and the affidavit of lost note on 2/12/2014.

35. Since I did not know the mortgage industry I asked a professional. Marilynn English, to explain the business terminologies to me. She made three affidavits to court. She advised me that the chain of assignments offered by MERS, Chase, and Bayview are fraud and the title of my mortgage if corrupt.

36. Bayview never loaned me a penny. During the aborted discovery in the state foreclosure court Bayview did not prove that it paid a penny to other entity for note or mortgage. Therefore I do not owe a penny to Bayview.

37. On 1/9/2017 I called Freddie Mac hotline and talked with William. He said Freddie Mac owned my mortgage. That invalidated the chain of assignments submitted by Bayview to court.

38. In early March of 2017, in response to my subpoena, MERS sent me their Milestone Report about the owners of my

mortgage and the servicers of my mortgage. That invalidated the chain of assignments submitted by Bayview to court.

39. On 4/1/2005 AMN sent me a letter that Option One Mortgage Corporation would be servicing my mortgage. That invalidated the chain of assignments submitted by Bayview to court.

40. On 2/20/2013 Freddie Mac wrote me a letter that it owned my mortgage. That invalidated the chain of assignments submitted by Bayview to court.

41. On 11/14/2018 Freddie Mac wrote a letter to Senator Cory Booker that it owned my mortgage. That invalidated the chain of assignments submitted by Bayview to court.

42. On 3/1/2019 there was a new twist in this case in the state foreclosure court. During a motion hearing in Freehold NJ, attorney Richard Gerbino changed Bayview's pleading again. Attorney Gebino pleaded that Bayview did not own my mortgage, Freddie Mac did. He said Bayview was only the servicer. Gerbina pleaded that Bayview knew that Freddie Mac was the owner of the mortgage even before filing the Foreclosure Complaint.

43. Based on Attorney Gerbino's new pleading attorney Lynn Nolan and Bayview committed fraud upon the state foreclosure court by stating in the complaint that Bayview owned the mortgage, they knowing committed perjury. Also attorney

Michael Blaine, Bayview's Jessica Ferhahndez, and attorney Richard Gerbino committed perjury my stating to court that Bayview owned the mortgage whie they know Freddie Mac actually owned it.

44. Attorney Lynn Nolan, attorney Michael Blaine, and attorney Richard Gerbino work for the law firm of Schiller, Knapp, Lefkowitz & Hertzel LLC. So their law firm is liable for fraud as well.

45. On 1/18/2019 I filed a civil rights complaint in US District Court for the District of NJ in Trenton. The docket number is 19-cv-705. An order is pending.

46. On 2/8/2019 I filed a civil complaint in US District Court for the District of NJ in Trenton against MERS and Chase and a few of their employees for fraud. The docket number is 19-cv-5156. An order is pending.

## THE FRAUDULENT ASSIGNMENT OF 2/27/2009

1- The fraudulent assignment of 2/27/2009 from MERS as nominee for American Mortgage Network Inc. to Chase has been presented as evidence into Foreclosure Complaint and in Certification of Bank Officer. For the rest of this Complaint it will be called Assignment of 2009. In this assignment, MERS assigned the subject mortgage note and the mortgage servicing rights to Chase on 2/27/2009.

2- On 4/1/2005 American Mortgage Network, Inc. assigned the servicing rights of the subject mortgage to Option One Mortgage Corporation. Additionally the Milestone Report, provided by MERS, confirmed that the servicer after American Mortgage Network Inc. was Option One.

3- MERS is a registration entity, a database, it keeps track of mortgages. MERS does not have legal standing to assign mortgage notes, and servicing rights of mortgages from one entity to another. According to an email from Diane Scholl, a supervisor at NJ Department of Banking and Insurance (NJ DOBI) MERS is just a database and had no license and/or permit to assign mortgage notes and/or mortgage servicing rights.

4- American Mortgage was not in business on 2/27/2009 and did not have proper licenses to do business in the State of NJ as residential mortgage Lender and servicer.

5- Chase did not have license to do business as mortgage lender or mortgage servicer in the state of NJ in 2009.

6- According to MERS Milestone Report in the first half of 2005, American Mortgage sold the note to Morgan Stanly, and Morgan Stanly sold it to Freddie Mac.

7- According to MERS Milestone Report Chase was the servicer after Option One in 2005. MERS and Chase filed the

9

assignment of 2009 on 2/27/2009. Four years later. Stacy Spohn signed the assignment on behalf of Chase and Beth Cottrell signed the assignment on behalf of MERS.

8- Upon information and belief American Mortgage Network Inc. has gone out of business or acquired by another entity in 2005. MERS committed another perjury and fraud by acting as nominee for a company which did not exist on 2/27/2009.

9- How could MERS transfer the ownership of the subject note on 2/27/2009 from American Mortgage to Chase while American Mortgage had already sold it to Morgan Stanley four years earlier in 2005?

10- How could MERS transfer the servicing rights of the subject mortgage on 2/27/2009 from American Mortgage to Chase while American Mortgage had already sold it to Option One Mortgage Corporation four years earlier in 2005?

11- Stacy Spohn and Beth Cottrell are nationally known robo-signers. Chase in 2010 suspended 56000 foreclosures because their documents may have been submitted without proper review.

12-    MERS has not paid any consideration for the subject note or mortgage.

13-    Chase Home Finance LLC has not paid any consideration for the subject note or mortgage.

14-    During the first part of the discovery period Plaintiff Bayview did not provide supporting documents for the purported assignment of 2009. Plaintiff abandoned the depositions ordered by court on 1/6/2017.

15-    The Assignment of 2009 was used against me and against the state of New Jersey in Foreclosure Complaint (Paragraph 14-a), and in Certification of Bank Officer (Paragraph 6).

16-    The Assignment of 2009 for the subject note and mortgage was stamped by Monmouth County Hall of Records on 3/17/2009 (Book OR-8762, page 1598.).

17-    MERS and Chase did not let me know about the transfer of mortgage ownership and servicing rights on 2/27/2009.

18-    The assignment of 2/27/2009 corrupted the title on the mortgage on my house.

19-    Stacy Spohn and Beth Cottrell who signed the assignment of 2/27/2009 are nationally known robo-signers who signed thousands of assignments every month.

20-    According to MERS own Milestone Report American Mortgage sold the subject note to Morgan Stanley on 4/1/2005, and sold the servicing rights to Option One

11

Mortgage Corporation on 4/8/2005. So the potential role of MERS as nominee of American Mortgage ended on 4/8/2005. Also American Mortgage went out of business on 12/31/2005, That is another confirmation that MERS had no business representing American Mortgage beyond 12/31/2005, let alone 2/27/2009.

21-    Bayview's attorney, Mr. Gerbino, in his argument on 3/1/2019 never said when/how the ownership of the note was transferred to Freddie Mac (page 8). The assignment of 2/27/2005 assigned the note and mortgage servicing rights from American Mortgage to Chase not Freddie Mac.

22-    The assignment of 2/27/2009 was/is invalid because Freddie Mac claims they owned the mortgage at the time.

## THE FRAUDULENT "AFFIDAVIT OF LOST NOTE" OF 2/12/2014

23-    The fraudulent "Affidavit of Lost Note" of 2/12/2014 by Chase, has been presented as evidence into this foreclosure case on or about 12/30/2016. For the rest of this Complaint it will be called Affidavit of Lost Note.

24-    On the Milestone Report Freddie Mac is the last owner of the subject note and Chase is the last servicer of the subject mortgage. Bayview and M&T Bank are not on the Milestone Report provided by MERS.

25-    The Complaint did not mention of the Affidavit of lost note. Bayview claimed it had the possession of the note and lost it.

26-    The affidavit of lost note is fabricated based on the assignment of 2/27/2009. Since that assignment is fraudulent, the affidavit of lost note is fraudulent too.

27-    Chase did not state in the Affidavit of Lost Note or anywhere else at what date it received the subject note and from whom.

28-    Chase never paid consideration for the note to Freddie Mac or someone else.

29-    Between 2/20/2013 and 2/12/2014 I did not receive any notice from Freddie Mac or Chase that the subject note was transferred from Freddie Mac to Chase.

30-    Chase did not notify me that the subject note was in its possession and it lost it.

31-    The alleged copy of the Lost Note is not certified and it is not an authentic copy. It has no endorsement on it and therefore it does not confirm the transfer from American Mortgage to anyone else.

32-    The alleged copy of the lost note presented by Chase in its Affidavit of Lost note is not an authenticated document and it has not been endorsed or indorsed by any actor.

33-    The Affidavit of Lost Note fabricated by Chase on 2/12/2014 was/is fraudulent.

34-    A letter from Freddie Mac to Senator Booker is in contradiction with Chase's affidavit of lost note. That letter proves that Chase never had the subject mortgage note.

## THE FRAUDULENT ASSIGNMENT OF 2/28/2014

35-    On 2/28/2014 Chase "assigned" the subject note (which was allegedly lost) and the subject mortgage to Plaintiff. That purported assignment filed by Chase was/is fraudulent

36-    The fraudulent assignment of 2/28/2014 will be called Assignment of 2014 for the rest of this Complaint.

37-    The Assignment of 2014 was recorded in Monmouth County Clerk Office on 6/23/2014 in Book OR-9070, at page 364.

38-    The Assignment of 2014 was used against me and against the state of New Jersey in The Complaint (Paragraph 14-b), and in Certification of Bank Officer (Paragraph 7).

39-    The Assignment of 2014 was invalid because the Assignment of 2009 was invalid and the Affidavit of Lost Note was invalid).

40-    The Assignment of 2014 was made after the Affidavit of Lost Note was made by Chase on 2/12/2014. A lost note cannot be assigned.

41-    Bayview has not paid consideration for the lost note.

42-  On 6/23/2014 Chase and Bayview recorded the fraudulent Assignment of 2014 in Monmouth County Hall of Records. That is tampering with public records and according to N.J.S.A. 2C:28-7a(2) (1) and (2) is a criminal violation. They are also in violation of 18 U.S.C. § 1621 and 18 U.S.C. § 1623.

43-  Chase and Bayview did not notify me about the transfer of mortgage ownership and servicing rights in 2014.

44-  The assignment of 2/28/2014 was/is invalid because Freddie Mac claims they owned the mortgage at the time. And the Assignment of 2/27/2009 was/is invalid.

### THE FRAUDULENT "HMA AGREEMENT"

45-  This document was referred in the Foreclosure Complaint on 5/12/2016. During the foreclosure proceedings in the state court Bayview ignored this document for the most part.

46-  There is no original document for the 'HMA Agreement'. It was fabricated online by different individuals or entities from different states. This court must strike that

from this case because it is in violation of the US and NJ
Rule of Evidence.

47- A software document is called soft, because it is soft
and it can be altered by a computer program. Courts demand
an original document in wet ink.

48- On 9/13/2019 I filed an OPRA Request in the Monmouth
County Clerk Office to inquire about the alleged "HMA
Agreement".

49- County Clerk stated: "Simplifile submits documents
electronically on behalf of a customer." That means there
was no original wet ink document. The "original" was an
online soft document. T

50- he county clerk stated: "The Mortgage Modification
was submitted electronically.", "The Mortgage Modification
was returned, electronically, to Simplifile, as they were
the submitter on Behalf of client Title365." The County
Clerk stated that the "original" was sent to Similifie not
to Wilmington Trust.

51- On the document itself it stated that the "Original"
was sent to Wilmington Trust N.A.

52- The County Clerk did not provide any information on
SIMPLIFILE LLC.

53- The county Clerk did not provide any information on
Samantha Dickie who notarized the "HMA Agreement".

54- Samantha Dickie allegedly notarized the "HMA Agreement" on 7/27/2015 but there was another signature on that on 7/31/2015. Why didn't she notarize on 7/31/2015?

55- Another notary public notarized Bayview's representative on 1/6/2016 in FL.

56- My understanding is that a mortgage or mortgage modification agreement must be signed, in wet ink, and notarized in one location at the same time before a notary public.

### THE FRAUDULENT COMPLAINT OF 5/12/2016

57- The Complaint of 5/12/2016 used two fraudulent assignments already discussed in this Complaint. They are Assignment of 2009 and Assignment of 2014.

58- According to Federal Rules of Civil Procedures 12(b)(6) Plaintiff (in The Complaint) has failed to state a claim upon which relief can be granted. During the incomplete discovery in the state court Plaintiff has not shown any evidence that it has paid any consideration for the subject lost note or mortgage.

59- In The Complaint filed on 5/12/2016 Bayview failed to present the note to me and failed to give me reasonable identification and reasonable evidence of authority to file its complaint. Bayview was in violation of Uniform Commercial Code (UCC) section 3-501(b) (2).

60-   Bayview did not have the legal standing to file The
Complaint, because according to Public Law 104-29 a
mortgage servicer cannot foreclose.

61-   According to US Public Law 111-203-section 1463
7/21/2010 I am entitled to know who the owner of the note
is with proof.

62-   MERS provided the Milestone Report but it did not
provide any proof to confirm the chain of owners from
2/14/2005 until it was allegedly lost.

63-   Based on The Complaint of Bayview filed on 5/12/2016
there are only three servicer for the subject mortgage:
American Mortgage, Chase, and Bayview. But according to the
Milestone Report the servicers for the subject mortgage
are: American Mortgage, Option One Mortgage Corporation,
and Chase. Bayview and M&T Bank are not even on Milestone
Report.

64-   Based on The Complaint of Bayview filed on 5/12/2016
there are only three owners for the subject note: American
Mortgage, Chase, and Bayview. But according to the
Milestone Report the owners of the subject note are:
American Mortgage, UBS REAL ESTATE SECURITIES INC., Morgan
Stanley, and Freddie Mac. Chase and Bayview are not listed
on the Milestone Report as the owners of the subject note.

65-     In The Complaint (page 10) Bayview stated that it had

the note and lost it, Chase is not mentioned here:

> Paragraph 35: Due to inadvertence, the subject Note cannot be
> located

> Paragraph 36: After a diligent search, this office has been unable to
> locate the Note secured by the Mortgage being
> foreclosed in this action and referred to in the
> Complaint.

> Paragraph 37: This office has been unable to locate the Note, dated
> February 14,2005, executed by REZA FARZAN to AMERICAN
> MORTGAGE NETWORK, INC. in the sum of $359,650.00, and
> referred to in Paragraph 8 of the First Count of the
> Complaint

66-     The Complaint does not meet the requirements of the

state of New Jersey for a foreclosure complaint

requirements. For example it did not disclose all the

parties of interests in the loan according to 4:64-

1(b)(11).

67-     Attorney Lynn Nolan who filed the foreclosure

on 5/12/2016 in Monmouth County NJ, failed to

attach the affidavit of diligent inquiry which is

in violation of NJ Rule Rule 4:64-2(d).

68-     The citizenship of American Mortgage was not

disclosed in The Complaint.

69-     It was not disclosed in The Complaint if

American Mortgage was still in business when the

complaint was filed on 5/12/2016.

70-     The Complaint did not prove that MERS can

legally be a nominee for American Mortgage.

71-   Chase has fabricated false documents in the past and it was caught in California in 2014. According to an article published on 7/2/2014: **"JPMorgan Chase** (JPM) created and recorded false documentation that showed the bank owned the mortgage of two California residents in order to foreclose on their home, the California Court of Appeals stated in a ruling Monday.

72-   Plaintiff never proved in state court that it obtained proper licensing according to S.A.F.E. Mortgage Licensing Act of 2008.

73-   In November of 2018 Senator Cory Booker advised that Freddie Mac is the owner of the subject note. Why Freddie Mac is not specified as the owner of the subject note in the Complaint of 5/12/2016.

## THE FRAUDULENT "CERTIFICATION OF BANK OFFICER OF 1/14/2017

74-   The Certification of Bank Officer signed by Jessica Fernandez on 1/14/2017 and was submitted with Bayview's Motion for Summary Judgment to Superior Court on 1/27/2017. She is an employee of Bayview located in Florida.

75-   The Certification of Bank Office is based on Assignment 2009, Assignment 2014, Affidavit of Lost Note fabricated by Chase on 2/12/2014, and the Complaint filed on 5/12/2014.

76-     Jessica Fernandez in Certification of Bank Officer

stated :

> Paragraph 10. Due to inadvertence, the original Note has been
>     lost, misplaced, or destroyed. Based on my review of
>     Plaintiffs business records, Plaintiff has not pledged,
>     assigned, transferred, hypothecated, or otherwise disposed
>     of the Note and the Note has not been lawfully seized.
> Paragraph 11. Plaintiff has made diligent and  extensive
>     search in a good faith effort to locate and secure
> the original Note in accordance with its procedures
> for locating a lost note withoutsuccesses.
> Paragraph 12. Plaintiff respectfully requests that the Court
>     enter an Order to allow the instant foreclosure to
> proceed notwithstanding the lost Note.

Fernandez knew Chase lost the note (if true), why did
she  look for the subject note in her office to begin
with?

47. The Certification of Bank Officer is invalid and fraudulent

because Assignment 2009, Assignment 2014, the Affidavit of

Lost Note, and the Complaint are invalid and fraudulent and

it must be vacated.

## CONCLUSION

48. Bayview never paid a penny to me and it never paid a penny

on behalf of my mortgage to another entity. No consideration

has been paid by Bayview at all. I do not owe Bayview a

penny,

49. MERS, Chase, and Bayview have been trying to take my house

for free. They have committed fraud, perjury, and forgery to

take my house for free.

50. My mortgage and the foreclosure case have been in perpetual

fraud and this court must stop that to protect my only

residential property.

51. *U.S. v. Sanchez, 88 F.3d 1243 (D.C. Cir. 1996). "Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result."*

52. *Conley v. Gibson, 355 U.S. 41 at 48 (1957). "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.*

53. *Davis v. Wechler, 263 U.S. 22, 24; and Stromberb v. California, 283 U.S. 359; and NAACP v. Alabama, 375 U.S. 449. "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."*

54. *Haines v. Kerner, 404 U.S. 519 (1972). "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."*

55. *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); and Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; and Pucket v. Cox, 456 2nd 233. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."*

56. *Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938), "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."*

57. *Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals, "The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."*

58. *Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982), "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."*

59. *B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991),"Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."*

## COUNT 1

60. Bayview pleaded in state foreclosure court that they never had the subject note in their possession and obviously they never lost. According to N.J.S.A. 12A:3-309 they never had the legal standing to foreclose. Therefore the foreclosure complaint filed on 5/12/2016 must be dismissed.

61. This case law for US Bankruptcy court in the District of NJ addressed N.J.S.A. 12A:3-309.

62. Bankr. LEXIS 4085 (Bankr. D.N.J. Nov. 17, 2010), The court noted that the Bank of New York never had possession of the note because it was not delivered and indorsed and therefore the Bank of New York was not a "holder" under the New Jersey UCC. Also preventing the Bank of New York from becoming a

"holder" was that there was not a proper indorsement on the note itself, or an allonge that was executed at the time that the proof of claim was filed. The Bank of New York could not be deemed a "nonholder in possession" because it did not possess the note. Finally, the Bank of New York was not a "non-holder not in possession" because it could not satisfy the requisites of lost, destroyed or stolen instruments or payment or acceptance of the instrument by mistake under *N.J.S.A.* 12A:3-309 and subsection d. of *N.J.S.A.* 12A:3-418, respectively.

63. I request that this court orders an injunction relief to dismiss that complaint.

**COUNT 2**

64. I request that this court order an injunction of relief to remove the assignment of 2/27/2009, the assignment of 2/28/2014, and the HMA Agreement of 2/1/2016 and Notice of Pendency of 5/16/2016 and all other documents filed by MERS, Chase, Bayview, or Simplyfile LLC.

65. **COUNT 3**

66. I request that this court based on US Rule of Criminal Procedure Rule 3 report all individuals who committed fraud to appropriate law enforcement authorities.

## COUNT  4

67.  I asked for jury trial in this case

## COUNT  5

68.  I asked for $10,000,000  for pain and sufferings and

punite damages

Respectfully Submitted

Reza Farzan Pro Se

11/4/2019

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Respectfully Submitted

Reza Farzan Pro Se
Dated: 11/4/2019

DEBTOR: REZA FARZAN

DOCKET NUMBER: 19-29256-CMG

DATE: 11/4/2019

ATTACHMENT TO ADVERSARY PROCEEDING: DEFENDANTS

1- Bayview Loan Servicing LLC
2- Tim Blue CEO of Bayview Loan Servicing LLC
3- Jessica Fernandez
4- Title365
5- Michael J. Tafoya CEO of Title365
6- SIMPLYFILE LLC
7- CEO of SIMPLYFILE LLC
8- Samantha Dickie
9- Lynn Nolan
10-    Michael Blaine
11-    Richard Gerbino
12-    Schiller, Knapp, Lefkowitz & Hertzel LLP
13-    CEO of Schiller, Knapp, Lefkowitz & Hertzel LLP

**DEBTOR: REZA FARZAN**

**DOCKET NUMBER: 19-29256-CMG**

**DATE: 11/4/2019**

**ATTACHMENT TO ADVERSARY PROCEEDING: CAUSE OF ACTION**

1- In early 2016 Bayview Loan Servicing LLC (Bayview) with the help of a notary public Samantha Dickie and based on two previous fraudulent mortgage assignments fabricated a mortgage modification agreement. I never knew Samantha Dickie, never met her and never signed a document before her. That document does not have a wet ink original.

2- Subsequently Title365 virtually (via online submission or via email) recorded that document in Monmouth County Hall of Records against myself and my only residential property at 23 Twin Terrace in Holmdel NJ 07733.

3- On 5/12/2016 Attorney Lynn Nolan from the law firm of Schiller, Knapp, Lefkowitz, & Hertzel LLP filed a foreclosure complaint with many false pleadings in Monmouth County Superior Court. She and Bayview committed fraud upon the state court.

4- On 5/16/2016 Attorney Lynn Nplan recorded a Notice of Pendency (Lis Pendens) in Hall of Records.

5- During the foreclosure proceedings Bayview and its attorneys

submitted more fraudulent documents, changed their pleadings multiple times and refused to withdraw fraudulent documents.

## US STATUTES VIOLATED:

US Constitution, US 1st, 4th, 5th, 7th, 14th Amendments,

US Rule Of Evidence

28 USC 1367, 18 USC 1964(a), 18 USC 1965(a),

FRCP Rule 9(b),

18 USC Chapter 96 Racketeering, 18 USC 1621 & 1623,

42 USC 1983 & 1985, 18 USC 241 & 242,

US Public Law 104-29, US Public Law 111-203 section 1463,

15 USC 1692(d) & 1692e & 1692e(2)(A) & 1692g(b) & 1692g(c)

Federal Laws o perjury and forgery and extortion and Obstruction of Justice
National Housing Act 12 U.S.C. 1701x(c)(5)
FDCA 15 U.S.C. sections 1692, et. Seq
Qualified Written Request (QWR)
Procedures Act (RESPA), which is codified at 12 U.S.C. section 2601, et seq
Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.* ("TILA")

## NJ STATUTES VIOLATED:

NJ Constitution

NJ Rule Of Evidence

N.J.S.A. 12A:3-309

N.J.S.A. 2C:28-7

N.J.S.A. 2C:21-7

N.J.S.A. 2A:50-54

NJ Fair Foreclosure Act N.J.S.A. 2A:50-53 et. Seq

NJ FFA N.J.S.A. 2A:50-56©

N.J.S.A. 25:1-11(a)(1).

*New Jersey Foreclosure Law and Practice* § 1-3 (2001 p. 4-5).

*New Jersey Foreclosure Law and Practice* § 1-3 (Supplement 2007/2008 p. 2).

N.J. Stat. Ann. §§ 2A:50-1 to 2A:50-21, 2A:50-53 to 2A:50-63

N.J.S.A. 46:9-9

N.J.S.A. 12A:3-101 -605

N.J.S.A. 2A:3-203(a)

N.J.S.A. 2A:1-201(14)

N.J.S.A. 2A:1-201(20).

N.J.S.A. 12A:3-204

N.J.S.A. 12A:203(a)

N.J.S.A. 56:8-2 et seq

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>**REZA FARZAN** | DEFENDANTS<br>**PLEASE SEE ATTACHMENT** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**PRO SE** | **ATTORNEYS** (If Known)<br>**ALDRIDGE PITE, LLP**<br>**Schiller, Knapp, Lefkowitz, Hertzell LLP** |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**PLEASE SEE ATTACHMENT**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
? ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☒ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ **10,000,000** |

Other Relief Sought: **Injunction relief: 1- Dismissal of Bayview foreclosure complaint filed on 5/12/16**
**2- withdrawal of Assignments of 2/27/09 and 2/28/14 and "HMA Agreement" of 2/1/15**
**from Monmouth County Hall of Records**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR **REZA FARZAN** | BANKRUPTCY CASE NO. **19-29256-CMG** | |
| DISTRICT IN WHICH CASE IS PENDING **DISTRICT OF NJ** | DIVISION OFFICE **TRENTON** | NAME OF JUDGE **Hon. C.M. Gravelle** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE  **11/4/2019** | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.