| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR**<br>**9004-1(b)**<br><br>**BLANK ROME LLP**<br>Edward W. Chang, Esq.<br>Thomas M. Brodowski, Esq.<br>301 Carnegie Center, 3rd Floor<br>Princeton, NJ  08540<br>Tel:  (609) 750-7700<br>Fax: (609) 750-7701<br>echang@blankrome.com<br>tbrodowski@blankrome.com<br><br>Attorneys for Defendant,<br>Bayview Loan Servicing, LLC | |
| In re:<br><br>Reza Farzan<br><div align="right">Debtor.</div> | Case No. 19-29256-CMG<br><br>Chapter 13<br><br>Adv. Pro. No. 19-02228-CMG<br>Hearing Date: January 7, 2020 at 10:00 a.m. |
| Reza Farzan,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>Bayview Loan Servicing, LLC<br><br><div align="center">Defendant.</div> | Judge: Hon. Christine M. Gravelle |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS ..................................................................................2

III.  LEGAL ARGUMENT...........................................................................................6

    A.     The Complaint Should be Dismissed for Lack of Subject Matter
          Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)....................................................6

          1.     The Rooker-Feldman Doctrine Bars Plaintiff's Complaint in this
                 Court. ......................................................................................................8

          2.     Even If Rooker-Feldman Does Not Apply, The Court Should
                 Abstain From Hearing This Matter and Dismiss The Complaint. ..............10

    B.     Plaintiff's Complaint Is Barred By Other Equitable Doctrines ............................14

          1.     The Entire Controversy Doctrine Bars Plaintiff's Complaint....................14

          2.     Collateral Estoppel Bars Plaintiff's Complaint.........................................15

          3.     Res Judicata Bars Plaintiff's Complaint. ...................................................16

    C.     Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P.
          12(b)(6) For Failure to State a Claim....................................................................17

          1.     Legal Standard of Review for a Motion to Dismiss Pursuant To
                 Fed. R. Civ. P. 12(b)(6)..........................................................................17

          2.     Plaintiff's Complaint Fails to State Any Viable Claims Against
                 Bayview. ................................................................................................18

IV.  CONCLUSION...................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................17

*Ayres-Fountain v. E. Sav. Bank*,
    153 Fed. Appx. 91 (3d Cir. 2005)....................................................................9

*Bauer v. Mortg. Elec. Registration Sys., Inc.*,
    618 Fed. Appx. 147 (3d Cir. 2015)..................................................................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................17

*C. B. Snyder Realty Co. v. National Newark & Essex Banking Co.*,
    14 N.J. 146 (1953) ......................................................................................17

*Carpet Group Int'l v. Oriental Rug Importers Assoc.*,
    227 F.3d 62 (3d Cir. 2000)..............................................................................7

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)..........................................................................10, 11, 12

*Cty. Of Allegheny v. Frank Mashuda Co.*,
    360 U.S. 185 (1959)....................................................................................10

*Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*,
    492 F. Supp. 2d 439 (D.N.J. 2007) ..................................................................7

*DiTrolio v. Antiles*,
    142 N.J. 253 (1995) ....................................................................................14

*El Ali v. Litton Loan Serv'g*,
    217 Fed. Appx. 115 (3d Cir. 2007)....................................................................9

*English v. Fed. Nat'l Mortgage Ass'n*,
    2017 WL 1084515 (D.N.J. Mar. 21, 2017).......................................................19

*Erickson v. Marsh & McLennan Co., Inc.*,
    117 N.J. 539 (1990) ....................................................................................19

*First Union Nat'l Bank v. Penn Salem Marina*,
    190 N.J. 342 (2007) ....................................................................................15

*FOCUS v. Allegheny Cnty. Court of Common Pleas*,
    75 F.3d 834 (3d Cir. 1996)..............................................................................8

*Giles v. Phelan, Hallinan & Schmieg*,
901 F.Supp.2d 509 (D.N.J. 2012) ........................................................................19

*Gould Elec., Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000)...................................................................................7

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*,
615 F.3d 159 (3d Cir. 2010)...............................................................................8, 9

*Hawkins v. Harris*,
141 N.J. 207 (1995) .............................................................................................19

*Hulmes v. Honda Motor Co.*,
924 F. Supp. 673 (D.N.J. 1996) ...........................................................................14

*Jama v. U.S. I.N.S.*,
22 F. Supp. 2d 353 (D.N.J. 1998) ..........................................................................6

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)..............................................................................................10

*Lightfoot v. U.S.*,
564 F.3d 625 (3d Cir. 2009)....................................................................................6

*In re Madera*,
586 F.3d 228 (3d Cir. 2009)...............................................................................8, 9

*Moncrief v. Chase Manhattan Mtge. Corp.*,
275 Fed. Appx. 149 (3d Cir. 2008) ........................................................................9

*MSKP Oak Grove, LLC v. Venuto*,
875 F. Supp. 2d 426 (D.N.J. 2012) ......................................................................15

*In re Mullarkey*,
536 F.3d 215 (3d Cir.2008)...................................................................................16

*Mystic Isle Development Corp. v. Perskie & Nehmad*,
142 N.J. 310 (1995) .............................................................................................14

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
571 F.3d 299 (3d Cir. 2009)..................................................................................11

*Noble v. Maxim Healthcare Services, Inc.*,
Civ. No. 12–2227, 2012 WL 3019443 (D.N.J. July 24, 2012) ...............................2

*Park v. M&T Bank Corp.*,
No. 09-cv-02921, 2010 WL 1032649 (D.N.J. Mar. 16, 2010) ................................2

*Peterson v. Ballard*,
292 N.J. Super. 575 (App. Div. 1996) ..................................................................19

*Ruffolo v. HSBC Bank USA, N.A.*,
   No. 14-638, 2014 U.S. Dist. LEXIS 141514 (D.N.J. Oct. 3, 2014) ................................11, 12

*Rycoline Products, Inc. v. C & W Unlimited*,
   109 F.3d 883 (3d Cir. 1997)...................................................................................................15

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp Ltd.*,
   181 F.3d 410 (3d Cir. 1999)......................................................................................................2

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
   742 F.2d 786 (3d Cir. 1984)....................................................................................................18

*Shapiro v. UJB Fin. Corp.*,
   964 F.2d 272 (3d Cir. 1992), cert. denied, 506 U.S. 934 (1992) ............................................18

*Shih-Ling Chen v. Rochford*,
   145 Fed. Appx. 723 (3d Cir. 2005) .........................................................................................10

*Sibert v. Phelan*,
   901 F.Supp. 183 (D.N.J. 1995) ...............................................................................................16

*Spring City Corp. v. Am. Bldgs. Co.*,
   193 F.3d 165 (3d Cir. 1999)....................................................................................................11

*St. Clair v. Wertzberger*,
   637 F. Supp. 2d (D.N.J. 2009) ...........................................................................................10, 13

*Taliaferro v. Darby Twp. Zoning Bd.*,
   458 F.3d 181 (3d Cir. 2006).................................................................................................7, 9

*Taylor v. Sturgell*,
   553 U.S. 880 (2008)................................................................................................................15

**Statutes**

28 U.S.C. § 1738 (1994) .................................................................................................................14

New Jersey Consumer Fraud Act .....................................................................................................19

**Other Authorities**

Fed. R. Bankr. P. 7012(b) ................................................................................................................1

Fed. R. Civ. P,. 4...............................................................................................................................2

Fed. R. Civ. P. 9(b) .........................................................................................................................18

Fed. R. Civ. P. 12(b)(1)...........................................................................................................1, 5, 6, 7

Fed. R. Civ. P. 12(b)(6)............................................................................................................ *passim*

Defendant, Bayview Loan Servicing, LLC ("Bayview"), submits this memorandum of law in support of its Motion to Dismiss the Adversary Complaint (the "Complaint") filed by Plaintiff, Reza Farzan ("Plaintiff"), pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12, and D.N.J. LBR 9013-1.

## I.    <u>INTRODUCTION</u>

This case arises out of a foreclosure dispute that was previously and fully litigated in state court (the "Foreclosure Action"), which resulted in the entry of summary judgment in Bayview's favor.  Dissatisfied with the outcome in state court, Plaintiff has now repackaged his baseless claims and purported defenses from the Foreclosure Action, and filed the instant Complaint, asserting substantively identical claims against Bayview in his Chapter 13 bankruptcy case, presumably in an attempt to further delay the foreclosure of his home.  However, Plaintiff's Complaint must be dismissed with prejudice for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  Alternatively, the Complaint fails to state a viable claim for relief against Bayview, and should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

By any fair reading, Plaintiff's Complaint is an obvious, collateral attack on Bayview's right to foreclose, which the state court already confirmed in the Foreclosure Action.  Yet, despite losing time after time on the same arguments in the Foreclosure Action, Plaintiff continues to challenge the validity of various documents that the state court relied upon in granting summary judgment to Bayview, including, but not limited to, assignments of mortgage, affidavits, pleadings, and certifications.  Nonetheless, because Plaintiff's claims and defenses have already been raised and rejected by the state court, or are otherwise germane to Bayview's underlying Foreclosure Action, Plaintiff's claims are precluded by the doctrines of *Rooker-Feldman*, entire controversy, *res judicata*, and collateral estoppel.  Moreover, the Complaint fails

to allege any plausible facts or circumstances to state a cause of action against Bayview, and

must be dismissed under Fed. R. Civ. P. 12(b)(6).

For these reasons, which are described in greater detail below, the Complaint should be

dismissed with prejudice.[1]

## II.    STATEMENT OF FACTS

Plaintiff's Complaint consists of a series of ambiguous and conclusory assertions;

however, the foreclosure-related pleadings and documents referenced therein, as well as the

pleadings filed in Plaintiff's similar action filed in the District Court of New Jersey against J.P.

Morgan Chase Bank, N.A. (Case No. 19-cv-5156-MAS-DEA), describe the key facts of this case

with greater clarity than the Complaint itself.[2]

### The Loan

On or about February 14, 2005, Plaintiff executed to American Mortgage Network, Inc.

("AMN") a note in the amount of $359,650.00 (the "Note") which was secured by a mortgage

given to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AMN, its

successors and assigns, on his property (the "Mortgage" and with the Note the "Loan") located at

23 Twin Terrace, Holmdel, New Jersey 07733 (the "Property"). *See* Certification of Thomas M.

---

[1] In seeking this dismissal, Bayview notes that it has not yet been properly served with the Summons and Complaint in accordance with Fed. R. Civ. P,. 4, as made applicable through Federal Rule of Bankruptcy Procedure 7004.  In his Certificate of Service [Dkt. No. 3], Plaintiff alleges that he mailed the Summons and Complaint to Bayview Loan Servicing via regular and certified mail to its corporate address in Coral Gables, FL.  However, Fed. R. Civ. P. 4 requires that the Summons and Complaint be delivered to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process, and not merely the name of the corporate entity being served.  As such, Bayview reserves any and all rights to move to dismiss on alternate grounds if this Motion is denied.

[2] In reviewing a motion to dismiss under Rule 12(b)(6), "a court may consider extraneous documents to which a plaintiff refers in the complaint or on which he claims in the complaint were based without converting the motion to dismiss into one for summary judgment." *Noble v. Maxim Healthcare Services, Inc.*, Civ. No. 12–2227, 2012 WL 3019443, at *5 (D.N.J. July 24, 2012).  Thus, the Court may consider the Complaint, exhibits attached to it, matters of public record, and other documents where Plaintiffs' claims are based upon those documents. *Park v. M&T Bank Corp.,* No. 09-cv-02921, 2010 WL 1032649, at *3 (D.N.J. Mar. 16, 2010) (taking judicial notice of loan documents for loans referenced in the plaintiff's complaint without converting the motion to dismiss to a motion for summary judgment); *see also, S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records…in addition to the allegations in

Brodowski, Esq. ("Brodowski Cert.") Exhibit A at ¶¶ 5, 7-13; *see also* Compl. [Dkt. 1] at ¶ 9. The Mortgage was assigned by MERS as nominee for AMN to Chase Home Finance LLC via assignment of mortgage dated February 27, 2009, and recorded on March 17, 2009, in the Office of the Monmouth County Clerk in Book OR-8762, Page 1598 (the "2009 Assignment").  *See* Brodowski Cert., Exhibit A at ¶ 14(a); *see also* Compl. [Dkt. 1] at ¶ 14.  The Mortgage was then assigned by Chase s/b/m Chase Home Finance LLC to Bayview Loan Servicing, LLC ("Bayview") via assignment of mortgage dated February 28, 2014, and recorded on June 23, 2014, in the Office of the Monmouth County Clerk in Book OR-9070, Page 364 (the "2014 Assignment").  *See* Brodowski Cert., Exhibit A at ¶ 14(b);  *see also* Compl. [Dkt. 1] at ¶ 22.

On or about July 27, 2015, Plaintiff entered into a loan modification agreement with Bayview modifying the terms of the Loan.  *See* Brodowski Cert., Exhibit A at ¶15.  On August 1, 2015, the Loan went into default.  *Id*., ¶ 21.

## The State Court Foreclosure Action

Bayview, as mortgagee and assignee of the Note and Mortgage, commenced a foreclosure action under docket number F-013470-16 in the Superior Court of New Jersey, Monmouth County, against Plaintiff on May 12, 2016, seeking to foreclose its Mortgage lien on the Property following Plaintiff's default under the Loan.  *See* Brodowski Cert., Exhibit A.

Plaintiff filed a contesting answer with affirmative defenses and counterclaims ("Answer") on August 3, 2016.  *See* Brodowski Cert., Exhibit B.  In his Answer, Plaintiff alleged, *inter alia*, that the chain of assignments of the Mortgage is "fraudulent and broken" because the documents were executed by "robo-signers" who "have been prosecuted for fraudulent Mortgage activities."  *Id*. at p. 3, ¶4; *see also* p. 16.  Plaintiff additionally contends that the signatures on the endorsements of the Note and assignments of the Mortgage are not

---

the complaint").  Documents from the underlying foreclosure action, including pleadings, exhibits attached thereto,

authentic and that the signatories did not have authority to execute same. *Id.* at p. 6. Finally, Plaintiff contends that Bayview is not in possession of the original Note and is therefore not entitled to foreclose. *Id.* at pp. 14-15.

On January 27, 2017, Bayview moved for summary judgment on the basis that Plaintiff's contesting answer failed to challenge Bayview's *prima facie* right to foreclose, and that his affirmative defenses and counterclaims did not present a valid defense to Bayview's Foreclosure Complaint. In support of its motion for summary judgment, Plaintiff relied upon the 2009 and 2014 Assignments, as well as an affidavit of lost note executed by a representative of Chase (the "Affidavit of Lost Note"). *See* Brodowski Cert., Exhibit C.

In response, Plaintiff filed a cross-motion for summary judgment challenging, in part, the validity and authenticity of the 2009 and 2014 Assignments and Affidavit of Lost Note, and sought the dismissal of Bayview's Foreclosure complaint. *See* Brodowski Cert., Exhibit D.

On March 3, 2017, the state court entered an order: (i) granting Bayview's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment; (ii) striking Plaintiff's Answer; and (iii) permitting Bayview to proceed with its foreclosure notwithstanding the fact that the original Note is lost. *See* Brodowski Cert., Exhibit E.

Unhappy with the results in state court, Plaintiff filed a Notice of Removal of the Foreclosure Action to the United States District Court for the District of New Jersey on March 16, 2017, which, although improperly filed, nevertheless stayed the Foreclosure Action. *See* Brodowski Cert., Exhibit F. The matter was soon remanded to state court by Order dated November 3, 2017. *See id.* Undeterred, on or about November 9, 2017, Plaintiff filed a Notice of Appeal of to the United States Court of Appeals for the Third Circuit. *See* Brodowski Cert., ¶

---

and other documents referenced or filed by the state court clearly fall within these parameters.

10.    By Order dated May 23, 2018, the Third Circuit for the Court of Appeals affirmed the District Court's November 3, 2017, Order. *See* Brodowski Cert., ¶ 11 and Exhibit G thereto.

Between December 2017 and February 2019, Plaintiff filed dozens of other objections, motions to dismiss, motions for stays, and appeals to the Superior Court of New Jersey, Appellate Division, all of which were considered and rejected by the state court. *See* Brodowski Cert., Exhibit D.

## The Chase District Court Action

On February 8, 2019, Plaintiff commenced an action in New Jersey District Court against Chase, Mortgage Electronic Registration Systems Inc., Stacy E. Spohn, Beth Cottrell, Sheena McWilliams, Adriane C. Matthews, and various John and Jane Does, at Docket No. 3:19-cv-05156-MAS-DEA. *See* Brodowski Cert., ¶ 12 and Exhibit H thereto. In his Complaint against Chase, Plaintiff did not articulate any specific causes of action, but instead asserted several requests for relief, including a stay of the pending Foreclosure Action, the "withdraw[al]" of the 2009 and 2014 Assignments, and seeking to vacate the Affidavit of Lost Note. *See id.* Plaintiff additionally argued that he was being discriminated against, and sought money damages for his "pain and suffering." *Id.*

On April 10, 2019, Chase moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On November 27, 2019, the District Court dismissed Plaintiff's Complaint with prejudice. *See* Brodowski Cert., ¶¶ 13-14 and Exhibit I thereto.

## The District Court Action Against the New Jersey Judiciary

In yet another effort to stall the Foreclosure Action from proceeding, on January 18, 2019, Plaintiff commenced a separate action in New Jersey District Court under Case No. 3:19-cv-00705-MAS-DEA against Judge Patricia DelBueno Cleary, Judge Katie Gummer, Judge Carlson Fisher, Judge Thomas Sumners, Judge Paul Innes, Chief Justice Stuart Rabner, Attorney

General Gurbir Grewal, Superior Court Clerk Michelle Smith, County Clerk Christine Giordino Hanlon, the New Jersey Office of Foreclosure, and the Monmouth County Hall of Records, for alleged civil rights violations related to the Foreclosure Action. This action remains dormant, as it does not appear that Plaintiff ever effectuated service upon the various defendants.

**Plaintiff's Current Adversary Complaint**

On November 4, 2019, Plaintiff filed his current Complaint in connection with a previously-filed Chapter 13 Bankruptcy Petition, which he filed on October 10, 2019, at Case No. 19-29256-CMG.

Much like the Complaint filed in the Chase District Court Action (as well as his numerous other challenges in the state court Foreclosure Action), Plaintiff purports to challenge the validity of the 2009 and 2014 Affidavits, the Affidavit of Lost Note, and other documents that were all relied upon by the state court, as fraudulent. *See* Brodowski Cert., Exhibit J. Other than offering his own opinions, which have consistently been rejected by the state court on numerous occasions, Plaintiff offers no evidence to support his claims of fraud. Indeed, Plaintiff's current Complaint is nothing more than a repackaged version of his prior disputes, all of which were fully adjudicated in the Foreclosure Action. Accordingly, for the reasons stated herein, Plaintiff's Complaint should be dismissed with prejudice.

## III.    LEGAL ARGUMENT

### A.    The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may grant a motion to dismiss for lack of subject-matter jurisdiction. Under the rule, the plaintiff bears the burden of demonstrating subject-matter jurisdiction once challenged by the defendant. *See Lightfoot v. U.S.*, 564 F.3d 625, 627 (3d Cir. 2009); *Jama v. U.S. I.N.S.*, 22 F. Supp. 2d 353, 361 (D.N.J. 1998) (holding the

burden of establishing subject-matter jurisdiction once challenged "always remains on the party asserting jurisdiction").

Challenges to subject-matter jurisdiction under Fed R. Civ. P. 12(b)(1) may be "facial" or "factual." *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted). In a facial challenge, a court may only consider, in the light most favorable to the nonmoving party, the allegations of the complaint and the documents referenced therein. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). By contrast, when considering a factual challenge, a court must evaluate the jurisdictional merits for itself and need not attach any presumption of truthfulness to the non-moving party's allegations. *See Carpet Group Int'l v. Oriental Rug Importers Assoc.*, 227 F.3d 62, 69 (3d Cir. 2000). Moreover, a court reviewing a factual attack may consider evidence outside the pleadings. *Id*. A plaintiff faced with a jurisdictional challenge from the defendant beards the burden to respond with "sworn factual assertions with something more than conclusory responses. If the plaintiff fails to meet and controvert the defendant's factual proofs, then the district court must determine whether it has subject-matter jurisdiction based upon the factual context presented by the defendant." *Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 447 (D.N.J. 2007) (internal citations omitted).

As discussed below, Bayview maintains that this Court lacks subject-matter jurisdiction over Plaintiff's claims because they arise out of either the Foreclosure Action and/or the Mortgage Loan underlying that action. Indeed, those claims have already been determined by the New Jersey state court, as evidenced by the state court's grant of summary judgment on March 3, 2017 in favor of Bayview. For this reason alone, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

1.    **The *Rooker-Feldman* Doctrine Bars Plaintiff's Complaint in this
Court.**

Under the *Rooker-Feldman* doctrine a federal court is divested of subject-matter
jurisdiction over claims asserted by litigants who were on the losing side of the same claims
when litigated in state court and are "essentially appeals from state-court judgments." *Great
Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The
doctrine "is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal
court must determine that the state court judgment was erroneously entered or must take action
that would render that judgment ineffectual.'" *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009)
(quoting *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).
Here, Plaintiff is ultimately challenging the propriety of the Foreclosure Action, and is
effectively seeking a review of the state court's decisions against him. As such, this Court lacks
subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine applies when the following four requirements are met: (1)
the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-
court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the
plaintiff is inviting the district court to review and reject the state judgments. *See Great W.
Mining & Mineral Co.*, 615 F.3d at 166 (quotations omitted). Here all four elements are plainly
satisfied as the state court entered summary judgment in Bayview's favor on March 3, 2017. See
Brodowski Cert., Exhibit E. Plaintiff is essentially now asking this Court to review that
judgment and determine that it was improper.

Specifically, the first and third elements of the doctrine are satisfied by the summary
judgment order itself which was entered against Plaintiff on March 3, 2017, before the filing of
Plaintiff's current Complaint. *See* Brodowski Cert., Exhibit J. The second element is also met
because Plaintiff's purported injuries arise out of the same claims of alleged fraudulent

8

documents that he raised in the state court Foreclosure Action, including the 2009 and 2014

Assignments, the Affidavit of Lost Note, among others. *See id.*, generally. Finally, the fourth

element is satisfied by virtue of the fact that Plaintiff is asking this Court to dismiss Bayview's

underlying Foreclosure Complaint (*i.e.*, to determine that the Foreclosure Action and the state

court's March 3, 2017 order are improper and invalid). In fact, as correctly observed by the

Third Circuit's Affirmance of the remand of the Foreclosure Action, Plaintiff's efforts to litigate

his related claims in the District Court of New Jersey were wholly improper, as the state court is

more than equipped to adjudicate those claims:

> Farzan appears to have removed the case primarily because he
> disagrees with the state court's unfavorable decisions against him.
> As the District Court properly concluded, Farzan has not identified
> any New Jersey law that would preclude him from vindicating his
> federal rights or otherwise shown that the New Jersey courts could
> not enforce those rights.

*See* Brodowski Cert., Exhibit G. The relief sought by Plaintiff in this action would therefore be

equivalent to "hav[ing] the state court decision undone or declared null and void by the federal

court []." *Great Western*, 615 F. 3d at 173; *see also Taliaferro*, 458 F.3d at 192 ("Under the

*Rooker-Feldman* doctrine, a district court . . . lacks subject-matter jurisdiction, if the relief

requested effectively would reverse a state court decision or void its ruling").

The Third Circuit and the District of New Jersey, relying on the *Rooker-Feldman*

doctrine, have routinely dismissed claims seeking to challenge the propriety of state court

foreclosure judgments. *See, e.g., In re Madera*, 586 F.3d at 232 (refusing to rescind mortgage

based alleged fraud because to do so would "negate [state-court] foreclosure judgment");

*Moncrief v. Chase Manhattan Mtge. Corp.*, 275 Fed. Appx. 149, 152-53 (3d Cir. 2008)

(affirming judgment dismissing claims related to state foreclosure action as barred by *Rooker-*

*Feldman* because plaintiff sought redress from state-court judgment); *Ayres-Fountain v. E. Sav.*

*Bank*, 153 Fed. Appx. 91, 92 (3d Cir. 2005) (directing district court to dismiss complaint

concerning state foreclosure action under *Rooker-Feldman*); *see also El Ali v. Litton Loan Serv'g*, 217 Fed. Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal noting claims concerning foreclosure action barred by *Rooker- Feldman*); *Shih-Ling Chen v. Rochford*, 145 Fed. Appx. 723, 725 (3d Cir. 2005) (same).

In this case, any finding by this Court in favor of Plaintiff would undermine the state court's March 3, 2017 Order. It is situations like this one that *Rooker-Feldman* is intended to prevent. Accordingly, Bayview respectfully submits that this Court lacks the necessary subject-matter jurisdiction under the *Rooker-Feldman* doctrine to hear this matter, and that Plaintiff's Complaint should be dismissed in its entirety.

### 2.    Even If *Rooker-Feldman* Does Not Apply, The Court Should Abstain From Hearing This Matter and Dismiss The Complaint.

Plaintiff's Complaint is a deliberate attempt to harass and re-litigate Bayview's right to foreclose, which was previously confirmed on numerous occasions in the state court Foreclosure Action. As such, the Court should abstain from hearing Plaintiff's repackaged arguments and dismiss the Complaint to avoid duplicative litigation between state and federal courts.

Indeed, it is well-settled that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976) (quoting *Cty. Of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). The Supreme Court has recognized that under certain circumstances a federal court may defer to pending state court proceedings based on considerations of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Importantly, the District of New Jersey has routinely applied this doctrine in the foreclosure context, as it should here. *See, e.g., St. Clair v. Wertzberger*, 637 F. Supp. 2d, 251,255 (D.N.J. 2009) (finding *Colorado River* applied to claims of FDCPA violations in a state foreclosure action because "[i]f the Court were to find that defendants violated the FDCPA by improperly instituting the state foreclosure action, such a finding would be an impermissible direct contradiction of the final judgment of foreclosure, if it is entered"); *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-638, 2014 U.S. Dist. LEXIS 141514 (D.N.J. Oct. 3, 2014); DiPietro v. Landis Title Co., No. 11-5110, 2012 U.S. Dist. LEXIS 80291 (D.N.J. June 11, 2012) (finding abstention doctrine applied in federal case concerning claims that defendants violated various rights of plaintiff during a state court foreclosure action).

The overarching issue under this abstention doctrine is "whether the two actions are 'parallel,' meaning the 'parallel' state proceeding involves the same parties and 'substantially identical claims [raising] nearly identical allegations and issues.'" *Ruffolo*, 2014 U.S. Dist. LEXIS 141514, at *7-8 (quoting *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009)).

Once the court determines that a parallel state proceeding is pending, the following six factors are weighed to determine whether abstention is appropriate:

(1) which court first assumed jurisdiction over the property;

(2) the inconvenience of the federal forum;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which jurisdiction was obtained;

(5) whether federal or state law controls; and

(6) whether the state court will adequately protect the interests of the parties.

*Nationwide Mut. Fire Ins. Co.*, 571 F.3d at 308 (quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)).  None of the factors is alone determinative.  *Colorado River*, 424 U.S. at 818-19.

Nevertheless, the Court's decision in *Ruffolo* is instructive here.  In that case, the borrowers filed a complaint in the District of New Jersey while a foreclosure action was already pending in state court, alleging, among other things, that the lender did not have standing in the foreclosure action and could not foreclose.  The Court found that the two actions were parallel actions for purposes of *Colorado River* abstention, as they both principally concerned whether the lender was entitled to foreclose on the property subject to the mortgage.  *Id*. at *10-11.

Here, similar to *Ruffolo*, Plaintiff filed his Complaint in federal bankruptcy court asserting the same claims raised in the Foreclosure Action, as well as the District of New Jersey, that Bayview lacks the authority to foreclose through a series of unsupported conclusions that demonstrate nothing more than Plaintiff's collective misunderstanding of applicable law.  *See, generally*, Complaint [Dkt. 1].  Indeed, the entire substance of the Complaint is identical to the arguments Plaintiff has raised on countless occasions previously.

Under these circumstances, a comparison of the facts in both actions here demonstrates that the two proceedings are parallel, involve the same parties, allegations, and issues, and result from the same underlying loan transaction.  Because the state court already confirmed the sufficiency of Bayview's right to foreclose and awarded summary judgment in its favor, this Court should reject Plaintiff's efforts to re-litigate those issues and prevent him from taking another bite at the apple.

In addition, as in *Ruffolo*, the following factors also weigh in the favor of abstention here:

Factors One and Four:   The state court initially obtained jurisdiction and has been overseeing the Foreclosure Action since 2016.  *See* Brodowski Cert., Exhibit A.  The state court

also has jurisdiction over the Property, which is located in the county where the action is pending (and where Plaintiff is located).

As for the Fourth factor, the state court undeniably obtained jurisdiction first because Bayview filed its foreclosure complaint nearly three and a half years before Plaintiff commenced this action. Further, the state court already dismissed Plaintiff's claims against Bayview with prejudice and granted summary judgment in favor of Bayview, struck Plaintiff's contesting answer, and denied numerous motions and other applications by Plaintiff to dismiss the Foreclosure Action and reconsider prior decisions in Bayview's favor. *See, generally*, Brodowski Cert., Exhibit D. These circumstances, along with the fact that the Foreclosure Action is nearing completion, clearly demonstrate that the state court first obtained jurisdiction over the Property, and any efforts to unravel the Foreclosure Action would be in contravention of the results of that case.

Factor Three: Plaintiff's Complaint seeks a declaration that would undermine and contradict the ruling of the state court regarding Bayview's right to foreclose. Indeed, an inconsistent ruling in this action "would throw into turmoil the parties' rights and obligations over plaintiff s home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255. Again, Plaintiff should not be permitted to forum shop just because he is dissatisfied with the outcome in the Foreclosure Action. Plaintiff simply has no basis to proceed with this action in Federal Bankruptcy Court.

Factor Five: As described above, the Plaintiff's claims have no basis in law or fact, and are nothing more than a disingenuous attempt to harass Bayview and delay the Foreclosure Action. Accordingly, the state court is (and was) the appropriate forum to review Plaintiff's now-repackaged claims.

<u>Factor Six</u>:  The Foreclosure Action is still pending in state court, which is undeniably capable of protecting the interests of Plaintiff and Bayview.  Plaintiff simply cannot posit any argument supporting the notion that Bayview's right to foreclose should be adjudicated in Federal Bankruptcy Court.

In sum, there is no question that this action and the Foreclosure Action are identical parallel actions for abstention purposes.  Accordingly, the Court should abstain from hearing this matter and dismiss Plaintiff's Complaint with prejudice.

**B.      <u>Plaintiff's Complaint Is Barred By Other Equitable Doctrines</u>**

Plaintiff's Complaint is additionally precluded by the equitable doctrines of entire controversy, collateral estoppel, and *res judicata*.  Indeed, Plaintiff's current Complaint is not his first attempt to challenge the documents relied upon by the state court in granting summary judgment to Bayview in its March 3, 2017 Order.

**1.      <u>The Entire Controversy Doctrine Bars Plaintiff's Complaint.</u>**

New Jersey's entire controversy doctrine "is a rule of mandatory joinder, which gives rise to a species of claim preclusion unknown outside New Jersey.  The doctrine requires the joinder of all claims and parties, whenever possible, in a single action and frequently operates in unpredictable ways to bar subsequent actions by parties who have failed to observe the doctrine in a prior litigation."  *Hulmes v. Honda Motor Co.*, 924 F. Supp. 673, 676 (D.N.J. 1996).  The intent of the doctrine is three-fold: "(1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation."  *Id*. at 679 (quoting *Mystic Isle Development Corp. v. Perskie & Nehmad*, 142 N.J. 310, 322 (1995)).  As the New Jersey Supreme Court has instructed, "[t]he polestar of application of the rule is judicial fairness."

*Hulmes*, 924 F. Supp. at 682 (quoting *DiTrolio v. Antiles*, 142 N.J. 253, 272 (1995)). Importantly, Federal courts adjudicating federal claims are "bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).

In this action, Plaintiff's claims against Bayview undeniably arise out of the Foreclosure Action, as they are all tied to proofs which were relied upon to establish Bayview's right to foreclose. Nonetheless, Plaintiff already availed himself of the opportunity to litigate his claims in the Foreclosure Action, which he did, albeit unsuccessfully, on numerous occasions. As such, Plaintiff is now barred by New Jersey's Entire Controversy Doctrine from attempting to assert the same claims again in this matter, and his Complaint should be dismissed.

## 2.    **Collateral Estoppel Bars Plaintiff's Complaint.**

The doctrine of collateral estoppel, otherwise known as issue preclusion, also bars Plaintiff's claims. Collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal citations and quotations omitted). The party asserting collateral estoppel is required to demonstrate the following: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) there was a full and fair opportunity to litigate the issue in the prior proceeding; (3) a final judgment on the merits was issued in the prior proceeding; (4) determination of the issue was essential to the prior judgment; and (5) the party against whom issue preclusion is sought was a party to, or in privity with, a party to the prior proceeding. *See MSKP Oak Grove, LLC v. Venuto*, 875 F. Supp. 2d 426, 440 (D.N.J. 2012) (quoting *First Union Nat'l Bank v. Penn Salem Marina*, 190 N.J. 342, 352 (2007)).

15

Here, Plaintiff seeks to relitigate issues related to the 2009 and 2014 Assignments, as well as other documents relied upon by the state court in granting summary judgment to Bayview. Plaintiff also asserts allegations related to the Affidavit of Lost Note relied upon in the Foreclosure Action which the state court has already unequivocally deemed valid and enforceable.  *See* Brodowski Cert., Exhibit E.  Yet, with each bite at the apple, Plaintiff has had the full opportunity to assert his arguments, availed himself to those opportunities, and has been repeatedly unsuccessful in his efforts.  Accordingly, collateral estoppel precludes Plaintiff's claims from be litigated once again in this action.

### 3.   *Res Judicata* Bars Plaintiff's Complaint.

Similar to collateral estoppel, *res judicata* bars not only to claims that were brought in the Foreclosure Action, but also claims that should have been brought.  *See Sibert v. Phelan*, 901 F.Supp. 183, 186 (D.N.J. 1995).  In order to prevail on the defense of *res judicata*, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.  *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir.2008).

Plaintiff has made several attempts to dismiss the Foreclosure Action on the basis that the 2009 and 2014 Assignments and the Affidavit of Lost Note, among others, are fraudulent and/or forged, none of which have been successful, as evidenced by the entry of summary judgment in Bayview's favor.  *See* Brodowski Cert., Exhibit E.  Further, Plaintiff opposed Bayview's motion for summary judgment in the Foreclosure Action, and asserted a variety of other challenges – all identical in substance – which were all considered and rejected by the state court.  As such, the denials of Plaintiff's claims were made on the merits, and on numerous occasions, thereby satisfying the first element.  The second element is easily satisfied because both Plaintiff and Bayview were/are parties to the Foreclosure Action.  Lastly, it is clear that Plaintiff's current

Complaint is nothing more than a back-door attempt to re-litigate and/or challenge the decisions against him in the Foreclosure Action.

Accordingly, the requirements for *res judicata* are easily satisfied, and Plaintiff's Complaint must be dismissed.

### C.    Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) For Failure to State a Claim.

Even if this Court determines that it has subject-matter jurisdiction over Plaintiff's claims, the Complaint should nevertheless be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### 1.    Legal Standard of Review for a Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6).

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim if it does not contain "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  Further, a complaint must contain more than unsupported legal conclusions. *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, the plaintiff must have "nudged [his] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.  Allegations giving rise to an inference of "the mere possibility of misconduct" are insufficient to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).

17

**2.** **Plaintiff's Complaint Fails to State Any Viable Claims Against Bayview.**

In general, Plaintiff's claims against Bayview are mostly incomprehensible, conclusory allegations that fail to meet general pleading requirements.  A litigant's pleadings must, at the very least, allege the elements of a cause of action.  *C. B. Snyder Realty Co. v. National Newark & Essex Banking Co.*, 14 N.J. 146, 156 (1953).  Here, Plaintiff fails to allege any specific wrongdoing on the part of Bayview, let alone even a generally plausible cause of action.  Plaintiff's failure to do so is fatal to his claims, and, therefore, the Court should dismiss the Complaint in its entirety for this reason alone.

Further, to the extent Plaintiff's Complaint could be construed as alleging some type of claim for fraud (*i.e.*, based on allegations of "forged" mortgage assignments and an Affidavit of Lost Note and/or other documents relied upon by the state court), Plaintiff fails to plead fraud with the requisite specificity.  Indeed, Fed. R. Civ. P. 9(b) imposes special pleading requirements when asserting a claim for fraud.  To satisfy the Rule, the Third Circuit has held that a plaintiff must plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.  *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992), cert. denied, 506 U.S. 934 (1992).  The purpose of the Rule is to "place [] defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (emphasis added).

Here, the Complaint is devoid of any such allegations.  Instead, Plaintiff continues to advance the same arguments that certain documents were "fabricated" and/or "forged," which purportedly require the dismissal of Bayview's Foreclosure Complaint.  Certainly, Plaintiff's

bald assertions of fabricated documents do not satisfy the "precise misconduct" requirement contemplated by Fed. R. Civ. P. 9(b).    And even if they did, it is well settled that mortgagors lack standing to even assert challenges to contracts to which they are not a party to or intended beneficiary of.  *See Bauer v. Mortg. Elec. Registration Sys., Inc.*, 618 Fed. Appx. 147, 149 (3d Cir. 2015)(finding the plaintiff's allegation that the assignment of his mortgage was invalid was insufficient to support standing); *English v. Fed. Nat'l Mortgage Ass'n,*, 2017 WL 1084515, at *3 (D.N.J. Mar. 21, 2017)(noting "Courts in this jurisdiction have repeatedly found mortgagors do not have standing to challenge the assignment of their mortgages because they are not parties to or third-party beneficiaries of the assignment.").  Accordingly, Plaintiff's Complaint fails to state a viable claim for fraud, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  .

Lastly, as a matter of law, Plaintiff cannot maintain a claim based on the mere filing of a foreclosure complaint, as New Jersey's litigation privilege bars any such claim.  Specifically, New Jersey Courts have firmly established that the privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  *Hawkins v. Harris*, 141 N.J. 207 (1995); *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 563 (1990); *Peterson v. Ballard*, 292 N.J. Super. 575, 581 (App. Div. 1996).  Moreover, this determination is a question of law for the court to decide with a mindful eye towards the potential chilling effect that may result from exempting litigation communications from this privilege.  *See Hawkins*, 141 N.J. at 216.  For example, the litigation privilege was held to bar a New Jersey Consumer Fraud Act claim brought in connection with the filing of a foreclosure complaint.  *See Giles v. Phelan, Hallinan & Schmieg*, 901 F. Supp. 2d 509, 524-25 (D.N.J. 2012).  Accordingly, New Jersey's litigation privilege bars claims based on

communications made within pleadings. As a result, Plaintiff cannot sustain a wrongful foreclosure claim against Bayview based on the filing of a foreclosure complaint.

Moreover, as the New Jersey state court has ruled, the Foreclosure Action was proper where Plaintiff is undeniably in default of his obligations under the Note and Mortgage. In addition, Plaintiff's purported defenses and counterclaims have all been rejected by the state court, and Plaintiff has not alleged that he incurred any damages in connection with an improper foreclosure lawsuit.

Accordingly, whatever claims Plaintiff intended to assert fail as a matter of law, and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should grant Bayview's Motion to Dismiss, dismiss Plaintiff's Adversary Complaint with prejudice, and award Bayview any other further relief as just and proper.

Respectfully submitted,

**BLANK ROME LLP**

Dated: December 4, 2019

*s/ Thomas M. Brodowski*
Edward W. Chang
Thomas M. Brodowski
*Attorneys for Bayview Loan
Servicing, LLC*