UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Reza Farzan
23 Twin Terrace
Holmdel NJ 07733
732-778-5047
Raymond.farzan@verizon.net

In Re:

Reza Farzan Pro Se Debtor

Reza Farzan

v.

Bayview Loan Servicing LLC et al

Case No.:        19-29256-CMG

Chapter:         13

Adv. No.:        19-02228-CMG

Hearing Date:  3/10/2020

Judge:  Hon. Christine M. Gravelle

Memorandum of Law

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2020 FEB 11  P 3: 12

J...          ...GHTON

BY: _____

# PLAINTIFF-DEBTOR MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO RECONSIDER THE COURT ORDER OF 1/28/2020 DISMISSING HIS ADVERSARY PROCEEDING COMPLAINT 19-AP-02228-CMG

**TABLE OF CONTENT**

TABLE OF AUTHORITY                                                      i

INTRODUCTION
                                                                        3
THIS COURT HAS JURISDICTION TO RECONSIDER ITS ORDER OF                  4
    1/28/2020 AND VACATE THAT ORDER

CLARIFICATION OF RELEVANT FACTS                                         5


THE DISCOVERY PROCESS WAS CUT SHORT BY BAYVIEW 2 MONTHS                 8
    BEFORE THE DUE DATE AND JUDGE CLEARY LET THEM GET AWAY
    WITH IT


SUMMARY JUDGMENT HEARING AND ORDER WAS A TOTAL SELLOUT TO              10
    BAYVIEW. MY BASIC ELEMENTARY RIGHTS WERE DENIED


LEGAL REFERENCE FOR BANKRUPTCY COURT JURISDICTION                      13


THIS CASE WAS IN THE SUPERIOR COURT OF MONMOUTH COUNTY NJ,             14
    NEVER MADE IT TO NJ APPELLATE DIVISION BECAUSE THERE WAS
    NO FINAL JUDGMENT IN THE TRIAL COURT


CONCLUSION                                                             17


CERTIFICATION                                                          21

# TABLE OF AUTHORITY

*Wasserman v. Farah (In re Farah)*, 2007 Bankr. LEXIS 3170 (Bankr.
D.N.J. Sept. 11, 2007.

*In re Frank Montique, Inc.*, No. 97-12086F, 2003 Bankr. LEXIS
2357 (U.S. Bankr. E.D. Pa. Jan. 31, 2003)

Earle v. McVeigh, 91 U.S. 503 (1875)

*Velantzas v. Colgate-Palmolive Company, Inc.*, *109 N.J. 189, 193,
536 A.2d 237 (N.J. 1987)*

Allstate Ins. Co v. Fisher 408 NJ Super 289

*SURENDER MALHAN, for himself and as parent of E.M. and V.M.,
Appellant v. SECRETARY UNITED STATES DEPARTMENT OF STATE et al
US Courts of Appeal for the 3rd Circuit.*

*U.S. v. Sanchez, 88 F.3d 1243 (D.C. Cir. 1996)*

*Conley v. Gibson, 355 U.S. 41 at 48 (1957)*

*Davis v. Wechler,   263  U.S. 22, 24*

*Stromberb  v. California, 283 U.S. 359*

*NAACP v. Alabama, 375 U.S. 449*

*Haines v. Kerner, 404 U.S. 519 (1972)*

*Jenkins v. McKeithen, 395 U.S. 411, 421 (1959)*

*Picking v. Pennsylvania R. Co., 151 Fed 2nd 240*

*Pucket v. Cox,  456 2nd 233*

*Maty  v.  Grasselli  Chemical  Co.,  303  U.S.  197  (1938*

*Picking   v.   Pennsylvania   Railway,  151  F.2d.  240,   Third
Circuit     Court   of   Appeals*

*Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)*

*B.   Platsky      v. CIA,   953  F.2d   25, 26  28  (2nd
    Cir.1991)*

## INTRODUCTION

1. My name is Reza Farzan. I am the Plaintiff-Debtor in this adversary proceeding case. I am writing in support of my motion to reconsider the court order of 1/28/2020 dismissing my Adversary Proceeding Complaint 19-AP-02228-CMG.

2. I am 70 years old with multiple medical conditions. I cannot work for long hours and I need to take frequent breaks, otherwise I space out and get confused. I need to review my work at least two times to catch the most obvious errors.

3. I belong to several NJ and US protected classes. In late 2015 Social Security Administration declared me disabled and awarded me disability benefits.

4. English is not my native language; I try to make my points in simple and short English statements. I try to avoid long sentences and long documents.

5. I have no training in law. When I have to read and understand a legal document I use Google search and Google Scholar extensively. Most of the times I have difficulty reading and understanding long and complex case laws.

6. In my Supplemental Affidavit I explained relevant facts , missed in the hearing and order of 1/28/2020, and in my

certification I described the Exhibits attached to my
supplemental affidavit.

7. In this memorandum of law I will clarify the facts and
provide my understanding of the Rooker-Feldman Doctrine and
Younger Abstention Doctrine.

## THIS COURT HAS JURISDICTION TO RECONSIDER ITS ORDER OF 1/28/2020 AND VACATE THAT ORDER

8. Federal Rule of Civil Procedure 60(b), made applicable to
bankruptcy cases by Fed. R. Bank. P. 9024, provides: On
motion and upon such terms as are just, the court may
relieve a party or a party's legal representative from a
final judgment, order, or proceeding for the following
reasons: (1) mistake, inadvertence, surprise, or excusable
neglect, . . or (6) any other reason justifying relief from
the operation of the judgment.

9. *Wasserman v. Farah (In re Farah)*, 2007 Bankr. LEXIS 3170
(Bankr. D.N.J. Sept. 11, 2007. "As courts of equity,
bankruptcy courts "have the power to reconsider, modify or
vacate their previous orders so long as no intervening
rights have become vested in reliance on the orders."

10.   The Third Circuit has acknowledged that Bankruptcy
Rule 9024 gives a bankruptcy court "the power to vacate or
modify its orders, as long as it is equitable to do so." *In*

_re Frank Montique, Inc._, No. 97-12086F, 2003 Bankr. LEXIS

2357 (U.S. Bankr. E.D. Pa. Jan. 31, 2003)

## CLARIFICATION OF RELEVANT FACTS

11.    In the following paragraphs I will clarify the facts

brought up in the motion hearing of 1/28/2020 dismissing my

Adversary Proceeding 19-AP-02228-CMG.

12.    Exhibit 1 is the court order of 1/28/2020. This order

is a blank order which granted Bayview's motion to dismiss

and dismissed my Adversary Proceeding. The Judge did not

provide the facts which were the basis of her decision and

did not provide statement of reason. That court order was

in violation of NJ Court Rules: 1:6-2(f), 1:7-4, and 4:46-

2(c).

13.    The court order of 1/28/2020 did not comply with this

case law from NJ Appellate Division: Allstate Ins. Co v.

Fisher 408 NJ Super 289 "A motion judge is obligated to set

forth factual findings and correlate them to legal

conclusions. Those findings and conclusions must then be

measured against the standards set forth in Brill v.

Guardian Life Ins. Co. of Am."

14.    The audiofile of the motion hearing of 1/28/2020 was

posted on Pacer.gov at entry 14 on this case's docket (19-

AP-02228-CMG). I downloaded that audiofile and listened to

5

it. I could hear Hon. Gravelle well, but I could not hear
Bayview's attorney's well, or I could not hear myself well.

15.    I made my Supplemental Affidavit based on the facts
missing from the 1/28/2020 court order or the facts missing
from the hearing or the erroneous facts from the hearing
which needed clarification.

16.    Paragraphs 7 through 17 of my Supplemental Affidavit
focus on the incomplete discovery, in state, which was
supposed to completed on 2/28/2017 but was cut short on
12/30/2016. Exhibits 2 through 5 were referenced in those
paragraphs.

17.    Paragraphs 18 through 26 of my Supplemental Affidavit
focus on the Summary Judgment Motion hearing of 3/3/2017 in
state court. Exhibits 6 through 8 were referenced in those
paragraphs.

18.    There is no final judgment in this case in the
Superior Court of Monmouth County NJ in Freehold. The NJ
Appellate Division, based on court Rule 2:2-4, does not
allow motion for leave to appeal from interlocutory orders
of the trial courts, such as the Superior Court of Monmouth
County. The Appellate Division believes order of summary
judgment of 3/3/2017 and other orders before the final
judgment in superior court are interlocutory, and have not
achieved finality in the Superior Court. The Appellate

Division does not allow interlocutory appeals for violation of US 4th, 5th, and 14th Amendment.

19.    Because the superior/trial court violated my property, due process, and civil rights and ignored my complaints about that and The NJ Appellate Division did not allow interlocutory complaints of rights violations; on 1/18/2019 I filed a civil rights complaint in US District Court. Paragraphs 27 through 30 focus on my civil rights complaint, under 42 USC 1983, in US District Court for the District of NJ Trenton Division. The docket number is 19-cv-705-MAS-DEA. I am waiting for the summons from the court clerk office so I can serve the Defendants.

20.    In a motion hearing on 1/6/2017 Hon. Patricia Cleary stated that her state court did not have jurisdiction over J.P. Morgan Chase Bank N.A. (Chase) and Mortgage Electronic Registration Systems Inc. (MERS). Additionally she stated that I should not file a complaint in her court against Chase and MERS. So, on 2/8/2019, I filed a complaint against Chase and MERS in US District Court. Docket number is: 19-cv-5156-MAS-DEA. On 11/27/2019 the court dismissed my complaint based on Rooker-Feldman. On 12/14/2019 I appealed that order in the 3rd Circuit. The 3rd Circuit docket number is 19-3925. Paragraphs 31-35 focus on this complaint. The defendants are: J.P. Morgan Chase Bank N.A.,

Mortgage Electronic Registration Systems Inc, Stacy E. Spohn, Beth Cottrell, Sheena McWilliams, Adriane C. Matthews. There is no overlap between the Defendants in the case in US District Court and in this Adversary Proceeding.

21.    Paragraphs 36-55 focus on my property rights, due process, and civil rights violations in trial court and my complaints to trial judges to address them. None of the trial court judges addressed my federal claims.

22.    Paragraph 56 focuses on service of process. All Defendants have been served by Pacer.gov, USPS regular mail, USPS Certified Mail, and county sheriffs.

23.    Paragraphs 57-59 focus on Bayview's attorneys from RomeBlank law firm submitting forged documents. The documents that they submitted to this are in violation of Bayview's own pleadings.

## THE DISCOVERY PROCESS WAS CUT SHORT BY BAYVIEW 2 MONTHS BEFORE THE DUE DATE AND JUDGE CLEARY LET THEM GET AWAY WITH IT

24.    From 9/6/2016 through 12/30/2016 Bayview failed to answer my critical questions and submitted forged documents. After that Bayview stonewalled my efforts to depose its employees who had "personal Knowledge" of their records. My expert witness tried to talk with those employees but she was rejected by Attorney Michael Blaine.

The discovery in state court was supposed to complete on 2/28/2017 but it was cut short on 12/30/2016.

25.    In Earle v. McVeigh, 91 U.S. 503 (1875), the court: "no man shall be condemned in person or property without notice and an opportunity to be heard in his defense is a maxim of universal application and it affords the Rule in the case."

26.    _Velantzas v. Colgate-Palmolive Company, Inc._, 109 N.J. 189, 193, 536 A.2d 237 (N.J. 1987): Generally, we seek to afford "every litigant who has a bona fide cause of action or defense the opportunity for full exposure of his case", and "When "critical facts are peculiarly within the moving party's knowledge," it is especially inappropriate to grant summary judgment when discovery is incomplete.

27.    I and my expert witness were pushed around by Bayview's attorneys and employees. They did not answer our critical questions guaranteed by Federal and state laws.

28.    Paragraph 18 in this document refers to all paragraphs in my Supplemental Affidavit in which I complained about violations of Federal Rights and were not addressed by stae courts trial judges.

29.    My US 4th, 5th, and 14th Amendments were violated by Bayview, their attorneys, and state judges in state court

despite my repeated complaint. My Federal Claims were not addressed and denied in state court in this case.

## SUMMARY JUDGMENT HEARING AND ORDER WAS A TOTAL SELLOUT TO BAYVIEW. MY BASIC ELEMENTARY RIGHTS WERE DENIED

30. With an incomplete discovery summary judgment hearing should not have been held. But despite my repeated objections Judge Cleary held it on 3/3/2017.

31. In paragraph 15 of this memo I specified the paragraphs in my Supplemental Affidavit which focused on summary judgment hearing and order of 3/3/2017. The order is at Exhibit 6.

32. Material facts were in dispute in this summary judgment. Judge Cleary did not allow me to bring them up for resolution.

33. The summary judgment order was a blank order. It was in violation of NJ Rule 1:6-2(f), NJ Rule 1:7-4, and NJ Rule 4:46-2(c).

34. Allstate Ins. Co v. Fisher 408 NJ Super 289 "In support of an order granting summary judgment, a judge is required to detail the findings of fact and conclusions of law in a written or oral opinion. R. 1:7-4(a); R. 4:46-2(c). A motion judge is obligated to set forth factual findings and correlate them to legal conclusions. Those findings and conclusions must then be measured against the

standards set forth in Brill v. Guardian Life Ins. Co. of
Am."

35.    I repeatedly complained in state court that my Federal
rights were violated; the state judges did not address
that. So my Federal claims were not addressed  in state
court.

36.    **42 USC § 1983** - *"Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any
State or Territory or the District of Columbia, subjects,
or causes to be subjected, any citizen of the United States
or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to
the party injured in an action at law, suit in equity, or
other proper proceeding for redress, except that in any
action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity,
injunctive relief shall not be granted unless a declaratory
decree was violated or declaratory relief was unavailable."*
The judge in state court had no reason to deny me of a full
discovery in this case. I was not asking for too much. I
asked her to protect my due process rights and civil rights
which are protected by US Constitution and US laws. The
state judge discriminated against me based on my race,
religion, national religion, age, and immigration status.

37.    **18 USC § 241** - *"If two or more persons conspire to
injure,
oppress, threaten, or intimidate any person in any State,

Territory, Commonwealth, Possession, or District in the free

exercise or enjoyment of any right or privilege secured to

him by the Constitution or laws of the United States, or

because of his having so exercised the same;"* In this case in
the state court, the judge, Michael Blaine, and Jessica
Fernandez conspired against me to deprive me of my rights as a
US Citizen and as a consumer. Also in this mortgage fraud

Chase, MERS, and Bayview conspired against me. Freddie Mac and others may have been involved in this too.

38.    *18 USC § 242* - *"Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both;"* In this case in the state court, the judge, Michael Blaine, and Jessica Fernandez conspired against me to deprive me of my rights as a US Citizen and as a consumer. Also in this mortgage fraud Chase, MERS, and Bayview conspired against me. Freddie Mac and others may have been involved in this too.

39.    **15 USC § 1692k(d)- )**-*"An action to enforce any liability created  by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."* Plaintiff violated the followings:
a) 15 USC 1692e **general application:** *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."* In the Third Count of The Complaint Plaintiff claimed it had the note and lost it. That was false. Chase allegedly had it and lost it. While MERS claimed that Freddie MAC has the note. In the Fraudulent assignment of 2/28/2014 Bayview was assigned the note by Chase, at the time there was no note and it was lost. In that assignment it was mentioned that note had been lost.

b) 15 USC 1692e(2)(A): *"the character, amount, or legal status of any debt"* Plaintiff lied about the legal status of the debt in The Complaint and in the fraudulent assignment of 2/28/2014.
c) 15 USC 1692g(b): *"If the consumer notifies the debt collector in writing within the thirty-day period*

*described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."* I disputed the debt in my contesting answers, defenses, and counterclaims, but Plaintiff did not provide any verification of the debt with proof of paid consideration.

d) **15 USC 1692g(c):** *"The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."*

40.    Any other subsection of FDCPA that applies

### LEGAL REFERENCE FOR BANKRUPTCY COURT JURISDICTION

41.    This court in the order and hearing of 1/28/2020 did not elaborate why Bayview's motion to dismiss was granted. In the hearing of 1/28/2020 the judge said that motion to dismiss was granted because of Rooker-Feldman Doctrine and Younger Abstention Doctrine but she did not apply those doctrines to the facts of my case. I am at loss, I am not able to analyze the court order of 1/28/2020 and respond to it in my defense.

42.    *"The test for determining whether related to jurisdiction exists is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the*

13

*debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."* In re MARC A. ZAID Bky. No. 16-17095 ELF, Adv. No. 17-368; United States Bankruptcy Court, E.D. Pennsylvania. In my case the adversary proceeding is by debtor against a non-debtor.

**THIS CASE WAS IN THE SUPERIOR COURT OF MONMOUTH COUNTY NJ, NEVER MADE IT TO NJ APPELLATE DIVISION BECAUSE THERE WAS NO FINAL JUDGMENT IN THE TRIAL COURT**

43.    *SURENDER MALHAN, for himself and as parent of E.M. and V.M., Appellant v. SECRETARY UNITED STATES DEPARTMENT OF STATE et al US Courts of Appeal for the 3rd Circuit.* "Federacion outlines three situations in which there is a Rooker-eldman "judgment." The first is when "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." Federacion, 410 F.3d at 24. Then the judgment is a "[f]inal judgment[ ] or decree [ ] rendered by the highest court of a State in which a decision could be had" under § 1257. Id. (quoting 28 U.S.C. § 1257(a)). The Supreme Court has exclusive jurisdiction in those cases, and "the state proceedings [have] ended" under Exxon. 544 U.S. at 291; see Federacion, 410 F.3d at 24.

14

The second situation is when "the state action has reached a point where neither party seeks further action." _Federacion, 410 F.3d at 24_. An example is when a lower state court "issues a judgment and the losing party allows the time for appeal to expire." Id. Or "the lower state court does not issue a judgment but merely an interlocutory order (e.g., a discovery order determining whether certain documents were privileged), and the parties then voluntarily terminate the litigation." Id. at n.10. In this situation, unlike the first, usually there is not "an appealable `final judgment or decree rendered by the highest court of a State in which a decision could be had' under § 1257." Id. at 24 (alterations omitted) (quoting 28 U.S.C. § 1257(a)). But under these circumstances there is a Rooker-Feldman "judgment" because the state proceeding has "ended."

Lastly, there is a judgment when a state proceeding has "finally resolved all the federal questions in the litigation," even though "state law or purely factual questions (whether great or small) remain to be litigated."".. "We adopt this approach and hold that Rooker-Feldman does not apply when state proceedings have neither ended nor led to orders reviewable by the

15

United States Supreme Court." My case in state court has not

ended, the summary judgment of 3/3/2017 is interlocutory and does not

fall into any of the three situations in this case law. Therefore

Rooker-Feldman does not bar this court from reviewing this case.

44.     In the above case law the 3rd Circuit explained: "Instead,

Younger applies to only "three exceptional

categories" of proceedings: (1) "ongoing state

criminal prosecutions"; (2) "certain `civil enforcement

proceedings'"; and (3) "pending `civil proceedings

involving certain orders uniquely in furtherance of

the state courts' ability to perform their judicial

functions.'" My case is not of those three exceptional

categories of proceedings. Also "Colorado River abstention

allows a court, in certain "exceptional

circumstances," to abstain from hearing a case to

avoid piecemeal litigation. Moses H. Cone Mem'l Hosp.

v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).

Colorado River applies only when the parties and

claims in the state suit are "`identical,' or at least

`effectively the same'" as those in the federal

suit." In the state court the Bayview is the

Plaintiff and MERS and I are the Defendants. In this

adversary proceeding (19-AP-02228-CM) I am the

Plaintiff and there are 13 Defendants and the claims are different.

## CONCLUSION

45.   *U.S. v. Sanchez, 88 F.3d 1243 (D.C. Cir. 1996). "Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result."*

46.   *Conley v. Gibson, 355 U.S. 41 at 48 (1957). "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.*

47.   *Davis v. Wechler, 263 U.S. 22, 24; and Stromberb v. California, 283 U.S. 359; and NAACP v. Alabama, 375 U.S. 449. "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."*

48.  *Haines v. Kerner, 404 U.S. 519 (1972). "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."*

49.  *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); and Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; and Pucket v. Cox, 456 2nd 233. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."*

50.  *Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938), "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.*

*Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."*

51. *Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals, "The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."*

52. *Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982), "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."*

53. *B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991),"Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."*

54.    Rooker-Feldman Doctrine and other equitable Doctrines do not apply here because there has been no final judgment in the state court and there has been fraud and violations of property rights, due process rights, and civil rights in the state court. Also applying the SURENDER case law from the 3rd Circuit; the Summary Judgment of 3/3/2017 does not fall within the three categories stated there.

55.    Younger Abstention does not apply in this case because the state proceeding does not fall within the three exceptional categories stated in the SURENDER case and the

claims and the parties are different in the state case and this case.

56.    If this court orders that Rooker-Feldman and/or Younger Abstention apply in this case I will appeal it.

57.    Even if Rooker-Feldman and/or Younger Abstention apply in this case, a Federal review by this court does not change the outcome of the state summary judgment of 3/3/2017.

58.    Even if Rooker-Feldman and/or Younger Abstention apply in this case, ordering pain and suffering rewards and punitive damages by this court does not change the outcome of the state summary judgment of 3/3/2017.

59.    Depending on the outcome of this motion I am willing to file an amended complaint.

60.    In the hearing of 1/28/2020 Attorney Brodowski offered to answer my questions. At the end Hon. Gravelle suggested if I have questions I should ask Attorney Brodowski. Just to start this process I suggest Bayview answers the questions that my Expert Witness asked in an email on 2/15/2017 emailed to Bayview employees.

61.    Bayview Attorneys from BlankRome in their Motion to Dismiss dated 12/4/2019 submitted forged documents to this court, that is a criminal violation and misinformation which in violation of NJ Rule of Professional Conduct.

62.    This court can declare that my Federal Claims were not addressed in state court. Why should I go to another Federal Court to get that declaration? Justice delayed justice denied.

63.    I respectfully request that this court grants the reliefs I asked in the proposed court order.

64.    I respectfully request that this court grants other reliefs as the court may deem equitable and just.


Respectfully Submitted

Reza Farzan Pro Se Plaintiff Debtor


2/11/2020

20

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing made by me are willfully false, I am subject to punishment.


*Reza Farzan*
Reza Farzan


2/11/2020