| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **BLANK ROME LLP** <br> Edward W. Chang, Esq. <br> Thomas M. Brodowski, Esq. <br> 301 Carnegie Center, 3rd Floor <br> Princeton, NJ  08540 <br> Tel:  (609) 750-7700 <br> Fax: (609) 750-7701 <br> echang@blankrome.com <br> tbrodowski@blankrome.com <br><br> Attorneys for Defendant, <br> Bayview Loan Servicing, LLC | |
| In re: <br><br> Reza Farzan <br>                               Debtor. | Case No. 19-29256-CMG <br><br> Chapter 13 <br><br> Adv. Pro. No. 19-02228-CMG <br> Hearing Date: March 10, 2020 at 10:00 a.m. |
| Reza Farzan, <br><br>         Plaintiff, <br>   v. <br><br> Bayview Loan Servicing, LLC <br><br>         Defendant. | Judge: Hon. Christine M. Gravelle |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF-DEBTOR MOTION TO RECONSIDER THE COURT
ORDER OF 1/28/2020 DISMISSING HIS ADVERSARY PROCEEDING COMPLAINT
19-AP-02228-CMG**

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.    STATEMENT OF FACTS ....................................................................................................2

III.    LEGAL ARGUMENT............................................................................................................2

        A.    Standard of Review for a Motion for Reconsideration. ..........................................2

        B.    Plaintiff's Motion Fails To Offer Any Evidence Showing That The Bankruptcy Court Has Jurisdiction Over His Foreclosure-Related Claims.............3

        C.    Plaintiff's Motion Fails To Identify Any New Facts Or Controlling Law That The Court Overlooked In Granting Bayview's Motion to Dismiss.................4

IV.    CONCLUSION......................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Warfarin Sodium Antitrust Litig.*,
  214 F.3d 395 (3d Cir.2000) ................................................................................................2

*Jackson v. Chubb Corp.*,
  2001 U.S. Dist. LEXIS 4684 (D.N.J. Mar. 21, 2001), aff'd 36 Fed. Appx. 704
  (3d Cir. 2002) ....................................................................................................................2

*Kramer v. Time Warner, Inc.*,
  937 F.2d 767 (2nd Cir.1991) .............................................................................................2

*Max's Seafood Café v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999) ..............................................................................................3

*NL Industries, Inc. v. Commercial Union Insurance*,
  935 F.Supp. 513 (D.N.J. 1996) .........................................................................................2

*Tischio v. Bontex, Inc.*,
  16 F. Supp. 2d 511 (D.N.J. 1998) .....................................................................................2

**Other Authorities**

F.R.C.P. 60(b) .............................................................................................................................3, 4

Fed. R. Evid. § 201(b) ....................................................................................................................2

Local Rule 7.1(i) .............................................................................................................................2

Defendant, Bayview Loan Servicing, LLC ("Bayview"), submits this memorandum of law in opposition to Plaintiff-Debtor Reza Farzan's ("Plaintiff") Motion to Reconsider the Court Order of 1/28/2020 Dismissing His Adversary Proceeding Complaint 19-AP-02228-CMG.

## I.    INTRODUCTION[1]

In his Motion for Reconsideration (the "Motion"), Plaintiff misconstrues the purpose of such a motion, and instead attempts to reargue the same points that this Court and the state court in the underlying Foreclosure Action have already considered – and rejected – on numerous occasions.  Unhappy with the past results, Plaintiff asks this Court to reconsider its January 28, 2020 Order of dismissal (the "Order"), but in doing so, he fails to identify any controlling law or evidence that the Court may have overlooked in granting Bayview's Motion to Dismiss [Dkt. 4]. As such, Plaintiff's Motion falls short of meeting the standard required for reconsideration, and the Motion must be denied.

Above all, this Court properly determined that it lacks jurisdiction to hear Plaintiff's claims.  Indeed, all of Plaintiff's claims are inextricably tied to the underlying Foreclosure Action, and either were, or could have been litigated in that action, and are now barred from being heard by this Court under various preclusionary doctrines.  Nothing in Plaintiff's Motion proves otherwise.

In addition, Plaintiff's "Clarification of Relevant Facts" and accompanying argument sections in the Motion all relate to proceedings that occurred in the Foreclosure Action and that were appropriately addressed by the state court.  Plaintiff's Motion fails to identify any new facts that were not raised previously (or that are even relevant), nor does it explain how this Court overlooked any or misapplied the pertinent law.  Thus, there is no basis for the Court to reconsider the January 28, 2020 Order.

---

[1] Capitalized terms have the same meaning set forth in Bayview's Motion to Dismiss [Dkt. 4].

1

For these reasons, which are described in greater detail below, Plaintiff's Motion must be denied.

## II. STATEMENT OF FACTS

Bayview relies on and hereby incorporates the statement of facts set forth in its Motion to Dismiss. In addition, Bayview notes that the state court entered Final Judgment against Plaintiff in the Foreclosure Action on September 3, 2019.[2]

## III. LEGAL ARGUMENT

### A. Standard of Review for a Motion for Reconsideration.

"[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Rather, Local Rule 7.1(i) "permits a party to seek reconsideration by the Court of matters which [it] believes the Court has overlooked when it ruled on the motion." *NL Industries, Inc. v. Commercial Union Insurance*, 935 F.Supp. 513, 515 (D.N.J. 1996). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Jackson v. Chubb Corp.*, 2001 U.S. Dist. LEXIS 4684 (D.N.J. Mar. 21, 2001), aff'd 36 Fed. Appx. 704 (3d Cir. 2002). In order to prevail on a motion for reconsideration, the moving party has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176

---

[2] The Court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. *See* Fed.R.Evid. 201(b). A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See id.*; *see also In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 398 (3d Cir.2000); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2nd Cir.1991); 1 Weinstein's Fed. Evid. § 201.12[1](2nd ed. 2001) ("While judicial notice based on general knowledge reflects the traditional approach ... notice of verifiable facts is a more modern development ... consistent with the approach of the Uniform Rules of Evidence".) Here, the docket in the New Jersey Foreclosure Action clearly and

F.3d 669, 677 (3d Cir. 1999). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Id.*

Plaintiff has not argued that the Court should reconsider its decision because of an intervening change of law or new evidence uncovered after the Court issued the Order. Rather, Plaintiff's argument for reconsideration is premised entirely on his own misunderstanding of the relevant facts and legal principles governing his disputes. For the reasons set forth below, Plaintiff has failed to make such a showing, and his Motion must be denied.

### B. Plaintiff's Motion Fails To Offer Any Evidence Showing That The Bankruptcy Court Has Jurisdiction Over His Foreclosure-Related Claims.

Plaintiff's Motion begins with the argument that this Court has jurisdiction to reconsider and vacate the January 28, 2020 Order. (Motion, p. 4.) In making this argument, Plaintiff relies solely on F.R.C.P. 60(b), as made applicable to bankruptcy proceedings through Fed. R. Bank. P. 9024, which allows the court to relieve a party from a judgment entered against him. *Id.* However, in making this argument, Plaintiff ignores the threshold issue that the Bankruptcy Court ***lacks subject-matter jurisdiction to hear his claims at all***. Indeed, whether this Court has jurisdiction to vacate a prior order under Fed. R. Civ. P. 60(b) is entirely different and has no bearing on whether the Court has subject-matter jurisdiction to hear the case at the outset.

As set forth at length in Bayview's Motion to Dismiss, all of Plaintiff's claims are related to, or are repackaged versions of, claims or defenses that either were litigated, or could have been litigated, in the Foreclosure Action. Accordingly, they are all barred from being heard in the Bankruptcy Court by various preclusionary doctrines including *Rooker-Feldman*, *Colorado River / Younger Abstention*, *res judicata*, collateral estoppel, and New Jersey's Entire

---

undeniably shows that Final Judgment was entered against Plaintiff on September 3, 2019, a copy of which is attached hereto as Exhibit 1.

3

Controversy Doctrine, among others. Nothing in Plaintiff's Motion proves otherwise, and his reliance on Fed. R. Civ. P. 60(b) is grossly misplaced. This Court simply does not have jurisdiction to hear Plaintiff's disputes against Bayview or any other putative defendant regarding the Foreclosure Action, in any way, and his Motion must be denied.

    **C.**    **Plaintiff's Motion Fails To Identify Any New Facts Or Controlling Law That The Court Overlooked In Granting Bayview's Motion to Dismiss.**

Assuming that Plaintiff can overcome the preclusionary hurdles referenced above (which he cannot), his Motion still fails to identify any new facts or controlling law that the Court overlooked in granting Bayview's Motion to Dismiss. As such, Plaintiff fails to satisfy the requisite standard needed for reconsideration, and his Motion must be denied.

Just as he has done time and time again, Plaintiff takes aim at the proceedings *in the underlying Foreclosure Action*, and attempts to argue that they were somehow improper. (*See, generally*, Motion at pp. 5-13.) This time, he alleges that the state court impermissibly allowed Bayview to "cut short" the discovery period, and that the summary judgment hearing and order "was a total sellout" to Bayview. (*Id*. pp. 8, 10.) However, even if these allegations were true (which they are not), they are a clear attack on the merits of the Foreclosure Action, and have no place in New Jersey Bankruptcy Court. Indeed, these are not any new facts that the Court failed to consider, so they cannot serve as a basis for reconsideration.

And while not entirely clear in the Motion, to the extent Plaintiff contends that the Court erred in applying any of the preclusionary doctrines above because no Final Judgment was entered in the Foreclosure Action (*see* Motion, pp. 14-17), he is incorrect. On September 3, 2019, Final Judgment was entered in favor of Bayview and against Plaintiff, thereby satisfying any requirement that a "final" judgment be entered. *See* Exhibit 1 attached hereto.

As for identifying a change in or misapplication of controlling law, Plaintiff's Motion again falls short. Rather than identify where he believes the Court specifically ran afoul of the

4

law, Plaintiff attempts to place blame on the Court for not sufficiently explaining the rationale of its decision. (*See* Motion, p. 13.) However, Plaintiff's subjective belief in no way warrants reconsideration simply because Plaintiff cannot comprehend the legal or factual basis of this Court's decision, or the numerous other decisions made previously by the state court.

Regardless, Plaintiff's Motion is clearly devoid of any new facts or law that this Court failed to consider in granting Bayview's Motion to Dismiss. Accordingly, there is no basis for the Court to reconsider its January 28, 2020 Order, and Plaintiff's Motion must be denied.

### IV.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration in its entirety.

Respectfully submitted,

**BLANK ROME LLP**

Dated: March 3, 2020

*s/ Thomas M. Brodowski*
Edward W. Chang
Thomas M. Brodowski
*Attorneys for Bayview Loan Servicing, LLC*